UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Isidro de Jesus, Bulfrano Casarubia a/k/a Fano Casarrubias, Luis Cordova, and Eduardo Blanquel,

Plaintiffs,

- vs. –

LT & LT LLC d/b/a V Cafe f/k/a Viet Cafe, Lan Cao, and Suong Chamnankool,

Defendants.

Case No.: 1:24-cv-09901

**MEMORANDUM OF LAW IN SUPPORT OF**

**MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS**

Defendant LT & LT LLC ("Defendant") hereby moves the Court under Rule 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure to dismiss this action with prejudice for insufficient service of process.

**STATEMENT OF FACTS**

Plaintiffs initiated suit upon filing their Complaint on December 23, 2024. Plaintiffs requested an issuance of summons the same day and an electronic summons issued on December 26, 2024. Dkt. 4 copy attached as Exhibit A. The summons lists both Defendant LT & LT LLC and Defendant Lan Cao ("Defendant Cao"). *Id.* Exhibit A did not list Suong Chamnankool ("Defendant Chamnankool"). *Id.*

The summons was returned executed on January 22, 2025. Dkt. 6 copy attached as Exhibit B. Critically, the summons was returned only as to Defendant Cao and is silent as to any service attempted on the moving Defendant. *Id.* Until now Plaintiffs still have not attempted service on

Defendant. Rather, Plaintiffs sought an extension of time to serve Defendant Chamnankool which was granted on April 9, 2025. Dkt. 18 attached as Exhibit C.

## LEGAL STANDARD

"On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order); *see also Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016); *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). "Because a Rule 12(b)(5) motion implicates 'whether [the court] has jurisdiction,' the court 'looks to matters outside the complaint.'" *Hines*, 2020 WL 1888832, at *1-2 (quoting *Cassano*, 186 F. Supp. 3d at 320).

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Rule 4(e) governs service on an individual within the United States:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Fed. R. Civ. P. 4(e).

Rule 4 (h)(1) governs service on business entities within the United States:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership

> or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant; or…

Fed. R. Civ. P. 4(h).

If a defendant is not properly served "within 90 days after the complaint is filed," the Court "must" dismiss the action without prejudice against the unserved defendant(s), "or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." *George*, 221 F. Supp. 3d at 432 (quoting *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000)). To establish good cause, "a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Spinale v. United States*, 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *aff'd*, 352 F. App'x 599 (2d Cir. 2009); *accord George*, 221 F. Supp. 3d at 432; *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276-77 (S.D.N.Y. 2003).

"Attorney error does not constitute good cause under Rule 4(m)." *Counter Terrorist Grp. U.S. v. New York Mag.*, 374 F. App'x 233, 235 (2d Cir. 2010) (summary order); *accord George*, 221 F. Supp. 3d at 433. Similarly, good cause does not exist where the plaintiff, upon learning that a defendant was not properly served, fails either to serve that defendant again within the time remaining under Rule 4(m) or to seek additional time within which to do so. *Reed Holdings Inc. v. O.P.C. Corp.*, 122 F.R.D. 441, 444-45 (S.D.N.Y. 1988); *see also Cassano*, 186 F. Supp. 3d at

322 (plaintiffs' failure to ask for more time "weighs against" a finding of good cause);.*AIG*, 197 F.R.D. at 108 (in determining good cause, court should consider not only whether plaintiff was initially diligent but also whether it moved "for an extension of time to serve the defendant" when its initial efforts failed (citing *Gordon v. Hunt*, 835 F.2d 452, 453 (2d Cir. 1987))); *Kelly v. Hoegh Autoliners Shipping PTE, Ltd.*, 2020 WL 3129644, at *3 (D.N.J. June 12, 2020) (dismissing pursuant to Rule 12(b)(5) where, *inter alia*, plaintiffs "failed to comply with the Federal Rules by not obtaining a summons" signed and sealed by the clerk, and then "doubled down" by making no further efforts to comply with Rule 4 after defendants moved to dismiss for insufficient service).

Even in the absence of good cause, "a court has the discretion to grant an extension of time to serve the defendant." *Hahn v. Off. & Pro. Emps. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)). "To obtain a discretionary extension absent a showing of good cause, 'the plaintiff must ordinarily advance some colorable excuse for neglect.'" *Cassano*, 186 F. Supp. 3d at 323 (quoting *Zapata*, 502 F.3d at 198). Courts then "balance justifiable excuses offered by the plaintiff, the length of the delay, and any prejudice to either party." *Spinale*, 2005 WL 659150, at *4.

## ANALYSIS

Throughout the entire 90-day service period Plaintiffs did not serve Defendant. According to Rule 4(m) the 90-day service period initially expired on March 23, 2025. Leading up to this deadline, Plaintiffs were only diligent as to pursuing Defendant Cao. According to the executed summons, the service agent made two failed attempts at personally serving Defendant Cao according to Rule 4(e)(2)(a) and ultimately effectuated service by following the state procedure for service via nail and mail under CPLR § 308(4). Exhibit B. While a summons was issued as to Defendant service was never attempted. Exhibits A and B.

Defendant was never served via one of the methods prescribed under Rule 4(h). Defendant was not served in New York (where this district is located) nor was summons delivered to an officer, or agent appointed by law to receive service of process. Defendant Cao is not a managing, general or authorized agent of Defendant. See Exhibit D a copy of Defendant's Entity Information. Exhibit D states service of process is on the Secretary of State as Agent. *Id.* Furthermore there is no registered agent listed meaning that service on Defendant Cao cannot constitute service on an agent of Defendant. *Id.* Therefore Plaintiffs' successful service on Defendant Cao does not equate to successful service on Defendant LT & LT LLC.

Plaintiffs do not have a good cause in not timely serving Defendant. Rather, Plaintiffs' behavior shows Plaintiffs never intended to serve Defendant. This is evidenced by the fact that Plaintiffs only diligently sought service on Defendant Cao and later on Defendant Chamnankool. Furthermore, Plaintiffs cannot claim they did not know how to reach Defendant. Defendant's address was always known to Plaintiffs as Plaintiffs were employed by Defendant and service on the Secretary of State is standard practice.

Plaintiffs' behavior as to Defendant Chamnankool is telling. Plaintiffs were unable to locate Defendant Chamnankool throughout the 90-day service period and proceeded to motion the court for an extension to serve. Exhibit D. Plaintiffs' motion states that they had "only recently ascertained defendant Suong Doe's address". *Id.* If Plaintiffs had a good faith reason in not serving Defendant they would have similarly sought a motion to extend like they did as to Defendant Chamnankool. Nothing prevented Plaintiffs from serving Defendant and no extra time should be granted to allow Plaintiffs to attempt service now.

## CONCLUSION

For the reasons set forth above, Defendant asks the court to grant its motion to dismiss with prejudice pursuant to Rule 12(b)(5).

Respectfully Submitted,

/s/ Grace L. Pan

Grace L. Pan (GP-6906)
Jonathan C. Sterling (Pro Hac Vice Forthcoming)
Simone A. Shuman (6111959)
*Counsel For Defendant, LAN CAO*
CARLTON FIELDS, P.A.
405 Lexington Avenue, 36th Floor
New York, NY 10174
Tel.: (212) 380-9633
Fax: (212) 785-5203
*gpan@carltonfields.com*
*sshuman@carltonfields.com*

Jonathan C. Sterling
CARLTON FIELDS, P.A.
One State Street, Suite 1800
Hartford, CT 06103
Telephone: (860) 392-5042
Facsimile: (860) 392-5058
*jsterling@carltonfields.com*

## CERTIFICATION OF WORD COUNT

As required by Local Rules of United States District Courts for the Southern and Eastern Districts of New York, Rule 7.1(c), I certify that the accompanying Memorandum of Law in Opposition of Defendant Safe Securities, Inc.'s Motion to Dismiss, which was prepared in Times New Roman 12-point typeface, contains 1,518 words, excluding the parts of the document that are exempted by the rule. This certificate was prepared in reliance on the word-count function of the word processing system (Microsoft Word) used to prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2025

/s/ Grace L. Pan
Grace L. Pan
**CARLTON FIELDS, P.A.**