**CARLTON FIELDS**

**ATTORNEYS AT LAW**

**Chrysler Building**
405 Lexington Avenue | 36th Floor
New York, New York 10174-3699
212.785.2577 | fax 212.785.5203
www.carltonfields.com

**GRACE L PAN**
Shareholder
212.380.9633 Direct Dial
GPan@carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
**New York**
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

September 19, 2025

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
(212) 805-0218
CronanNYSDChambers@nysd.uscourts.gov

The Court grants the motion because there is good cause for a protective order. The Court will file a protective order. The Clerk of the Court is respectfully directed to close Docket Number 57.

SO ORDERED.
Date: September 25, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

Via ECF
Via Email

Re:    **De Jesus et al. v. Lan Cao et. al. | Case No. 1:24-cv-09901-JPC**

Dear Honorable Judge Cronan:

We are counsel for Defendant Lan Cao ("Cao") and write on her behalf in the above-referenced action.

Pursuant to Federal Rule of Civil Procedure 26(c), Cao respectfully submits this letter requesting the Court to enter the attached jointly proposed unopposed Protective Order so the parties can produce their respective documents. To date, less than ten (10) pages of documents have been produced amongst all parties. Many more documents and information are missing and without them, depositions would not be fruitful. By way of background, Defendant Cao circulated a joint draft Protective Order to all parties via email on July 9, 2025, in advance of her productions. Unfortunately, this action was met with silence. In the absence of a Protective Order and with the close of fact discovery rapidly approaching, Defendant Cao once again reached out to the other parties to schedule a Meet an Confer to try to resolve this issue. Specifically, Defendant Cao met and conferred with Plaintiffs on September 15 and Defendant Chamnankool on September 16 to discuss the attached proposed Protective Order and other pending discovery issues. As a result of these meet and confers, this is a joint motion between the two defendants. Plaintiffs are not joining in this motion because they do not believe a protective order is necessary, therefore, they do not consent to this motion, however Plaintiffs expressly stated that they do not oppose the entry of the Protective Order. Accordingly, since all parties are not opposing this Proposed Protective Order, Defendant Cao respectfully requests the Court to enter this unopposed Proposed Protective Order.

Defendant Cao respectfully submits that good cause exists to issue a Protective Order due to the sensitive nature of the financial documents and personal information to be produced.

A copy of the proposed Protective Order is attached as Exhibit A.

For the reasons set forth above, Defendant Cao respectfully requests the Court to enter the attached unopposed Proposed Protective Order so the parties can move forward with document production.

Respectfully Submitted,

/s/ **_Grace L. Pan_**
Grace L. Pan
CARLTON FIELDS, P.A.
405 Lexington Avenue, 36th Floor
New York, NY  10174
Tel.: 212-380-9633
Fax: 212-785-5203
_gpan@carltonfields.com_

cc:      copy to all counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISIDRO DE JESUS, *et. al.*,

Plaintiffs,

- vs. –

LAN CAO AND SUONG CHAMNANKOOL,

Defendants.

Case No.: 1:24-cv-09901

## PROPOSED UNOPPOSED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Isidro De Jesus, Bulfrano Casarubia *a/k/a Fano Casarrubias*, Luis Cordova and Eduardo Blanquel ("Isidro et al.") and Defendants Lan Cao and Suong Chamnankool (Collectively, "Defendants"; and together with Isidro et al., the "Parties"; each individually, a "Party") recognize that it may be necessary to disclose certain of their confidential information during the course of this litigation. As a result, the Parties desire limiting disclosure and preventing use of such information for purposes other than the prosecution and defense of this Action.  In addition, the Parties contemplate that Non-Parties may produce confidential information.  Accordingly, the Parties, by and through their respective counsel, hereby stipulate and agree to the request for, and entry of the following unopposed Protective Order.

1.    PURPOSES AND LIMITATIONS

1.1    This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c).  It governs any document, information, or other thing furnished by any Party to any other Party, and it includes documents, information, and things furnished by any Non-Party to any other Party, and it includes documents, information, and things furnished by any Non-Party who receives a

subpoena in connection with this Action.  The information protected includes, but is not limited to, the following: answers to interrogatories; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this Action that are designated by a Party or Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" according to the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such material.  The designation of a document, information, or thing (whether written, graphic or electronic) as being subject to the terms and conditions of this Protective Order is intended solely to facilitate prompt discovery and the preparation for trial of this Action.

1.2    The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    DEFINITIONS

2.1    Action or Proceeding: the above-captioned action.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.3    "CONFIDENTIAL" information or items: means information (regardless of how it is generated, stored or maintained) and copies of information or tangible things that a Designating Party reasonably believes either would not normally reveal to third parties except  in confidence or has undertaken to maintain in confidence or constitutes or contains trade secrets or other confidential research, development, or commercial information and that the Designating

Party designates as such in accordance with the provisions of the Protective Order.

"CONFIDENTIAL" information or items includes, but is not limited to:

      i.     Personal identifying information, financial information, and, with respect to any Designating Party, any other information that the Designating party reasonably believes to be subject to protection from disclosure by a natural person's right of privacy under applicable privacy laws or regulations;

      ii.    Trade secrets (as defined in the Uniform Trade Secrets Act) or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Rule 26(c)(7), or other information required by law or agreement to be kept confidential, including; documents containing or constituting research and development; marketing or training; confidential business, commercial, or proprietary information; financial information or data; technical information; manufacturing processes; product specification; engineering information and testing; or distribution processes; or other proprietary or confidential business information of commercial value and reasonably believed to be subject to protection from disclosure under applicable statutes, laws or regulations; and;

      iii.   All material, data and information obtained, derived, or generated from "CONFIDENTIAL" information or items to the extent the same are not publicly available or otherwise subject to the exclusions herein;

      iv.   Specifically excluded from the definition of "CONFIDENTIAL" information or items are any other information or items that have been designated as "not confidential" by order of any court; and;

v.      As used in this Protective Order, and unless otherwise specified, "CONFIDENTIAL" information and items shall encompass "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" information or items.

2.4     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5     Court: The Honorable Judge currently assigned to this proceeding or any other judge to which this proceeding may be assigned, including Court staff participating in such proceedings.

2.6     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.7     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS" EYES ONLY" Information  or Items: "CONFIDENTIAL" information and copies of information or items that the Designating Party reasonably believes to contain highly sensitive financial or business information, the disclosure of which to the Designating Party's competitors would cause the Designating Party serious competitive and commercial harm.  This includes any information that the Designating Party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, business plans and strategies, or any other sensitive trade secret information.  "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY"

also refers to "CONFIDENTIAL" information or items that the Designating Party reasonably believes to constitute proprietary, commercially sensitive, or competitive information, including but, not limited to nonpublic technical information (*e.g.,* schematic diagrams, recipes, technical reference manuals, and operations manuals), current research and development, future or pipeline products, ongoing research and development information, unpublished pending patent applications and unpublished patent prosecution document, the disclosure of which is likely to cause harm to the competitive position of the Designating Party.  Notwithstanding any designation of "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" information, any Party may agree to share unit sales, revenue, and profitability information with In-House Counsel for any other Party to facilitate any settlement negotiations.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party.

2.11.    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

3.1    The protections conferred by this Protective Order not only cover any Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3.2    This Protective Order is binding upon all Parties and their Counsel in this proceeding, upon all signatories to the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and upon (as applicable) their respective corporate parents, subsidiaries, and affiliates

including their successors, and their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, and others as set forth in this Protective Order.

3.3     If additional Parties are added other than parents, subsidiaries, or affiliates of current parties to this Action, their ability to receive a document protected by this Protective Order will be subject to their being bound, by agreement or court order, to this Protective Order.

3.4     Non-Parties who are obligated to produce "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS EYES ONLY" information or items in this Action and who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a Designating Party for purposes of this Protective Order. The existence of this Protective Order must be disclosed to any Non-Parties producing documents, tangible things, or testimony in this Action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony.

3.5     The entry of this Protective Order does not preclude any Designating Party from seeking further order of this Court, including modification of this Protective Order, or from objecting to discovery that the Designating Party believes to be improper.

3.6     Nothing in this Protective Order shall be construed as an admission or concession by any Designating Party that designated "CONFIDENTIAL" information or items, or any document or information derived from "CONFIDENTIAL" information or items, constitutes material, relevant, or admissible evidence in this Action. Producing or receiving "CONFIDENTIAL" information or items, or otherwise complying with the terms of this Protective Order will not (a) operate as an admission by any Designating Party that any particular Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a Designating Party to object to the

production of information or material that the Designating Party does not consider to be within

the scope of discovery; (c) prejudice the rights of a Designating Party to seek a determination by

the Court that particular materials be produced; (d) prejudice the rights of a Designating Party to

apply to the Court for further protective orders; or (e) prevent the Parties from agreeing in

writing to alter or waive the provisions or protections provided for in this Protective Order with

respect to any particular information or material.

4.    DURATION

4.1    Even after final disposition of this Action, the confidentiality obligations imposed

by this Protective Order shall remain in effect until a Designating Party agrees otherwise in

writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final

judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials,

or reviews of this Action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party

or Non-Party that designates Disclosure or Discovery Material for protection under this

Protective Order must take care to limit any such designation to specific material that qualifies

under the appropriate standards. To the extent it is practical to do so, the Designating Party must

designate for protection only those parts of material, documents, items, or oral or written

communications that qualify – so that other portions of the material, documents, items, or

communications for which protection is not warranted are not swept unjustifiably within the

ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be unjustified or that have been made for an improper purpose (*e.g.,* to encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation of Protected Material subject to this Protective Order:

i.   <u>Designation of Documents</u> (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings),

(a) <u>*Documents Produced in TIFF Format:*</u> With respect to any document produced in TIFF format, a Designating Party may designate the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by placing a stamp or marking to each page that contains Protected Material. Such markings shall not obscure, alter, or interfere with the legibility of the original document. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Protected Material produced in TIFF format shall be marked with the same confidential stamp or

marking as contained on the original, unless the original confidential stamp or marking already appears on the copies.

(b) *Documents Produced in Native Format:* With respect to any document produced in native format ("Native-Format Document), a Designating Party may designate the document as Protected Material by renaming the document to include, at the end of the file name and prior to the file extension, the following language: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." Native-Format Documents may have to be copied or duplicated for use by Professional Vendors. Any such copy or duplicate shall retain the full file name as originally produced. For use outside of Professional Vendors, Receiving Parties may make native-format copies or duplicates of a Native-Format Document solely (a) for use with Experts who are Qualified Persons as defined below or (b) for use as deposition or trial exhibits. Any such copy or duplicate shall retain the full file name as originally produced. All other copies or duplicates of Native-Format Documents (*e.g.*, TIFF-image, PDF, hardcopy) and all extracts, summaries, or descriptions of Native-Format Documents shall contain a stamp or marking on each page of the Document stating the following: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." Such markings shall not obscure, alter, or interfere with the legibility of the original document.

ii.  Designation of Deposition Testimony:

(a) During depositions, Protected Material may be used or marked as exhibits, but shall remain subject to this Protective Order and may not be shown to the witness unless such witness is a Qualified Person as described below.

(b) If deposition testimony or exhibits contain or refer to Protected Material, or if they contain or refer to Disclosures or Discovery Material to be designated as Protected Material, the Designated Party, by and through counsel, shall either (1) on the record at the deposition, designate the testimony or exhibits as Protected Material, or (2) no later than thirty (30) days after receiving a copy of the deposition transcript, inform the deposing Counsel and Counsel for other Parties that the testimony or exhibit(s) constituted Protected Material (during the 30-day period, the entire deposition testimony, transcript, and exhibits shall be treated as Protected Material under this Protective Order). The Designating Party must specify the level of protection being asserted.

(c) Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

iii.  <u>Designation of Information Produced in Forms Other than Documentary and</u>

<u>for Any Other Tangible Items</u>: With respect to Protected Material that is not

documentary or testimonial, the Producing Party shall affix in a prominent

place on the exterior of the container or containers in which the information or

item is stored the stamp or marking "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or

portions of the information or item warrant protection, the Producing Party, to

the extent practicable, shall identify the protected portion(s) and specify the

level of protection being asserted.

iv.  <u>Timing of Designating Documents and Materials Made Available for</u>

<u>Inspection</u>: A Party or Non-Party that makes original documents or materials

available for inspection need not designate them for protection until after the

inspecting Party has indicated which material it would like copied and

produced. During the inspection and before the designation, all of the material

made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

documents or materials it wants copied and produced, the Producing Party

must determine which documents or materials, or portions thereof, qualify for

protection under this Protective Order. Then, before producing the specified

documents or materials, the Producing Party must affix the appropriate stamp

or marking ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

v.  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the

Designating Party's right to secure protection under this Protective Order for

such material. Upon timely correction of a designation, the Receiving Party

must make reasonable efforts to assure that the material is treated in

accordance with the provisions of this Protective Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the Action, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the

basis(es) for each challenge. To avoid ambiguity as to whether a challenge has been made, the

written notice must recite that the challenge to confidentiality is being made in accordance with

this specific paragraph of the Protective Order. The parties shall attempt to resolve each

challenge in good faith and must begin the process by conferring directly (in person; via phone;

or by using remote technology (*e.g.*, Microsoft Teams, Zoom, etc.)) within ten (10) days of the

date of service of notice. In conferring, the Challenging Party must explain the basis(es) for its

belief that the confidentiality designation was not proper and must give the Designating Party an

opportunity to review the designated material, to reconsider the circumstances, and, if no change

in designation is offered, to explain the basis(es) for maintaining the chosen designation. A

Challenging Party may proceed to the next stage of the challenge process only if it has engaged

in this meet and confer process first or establishes that the Designating Party is unwilling to

participate in the meet-and-confer process in a timely manner.

6.3      <u>Judicial Intervention</u>. If, after meeting and conferring in good faith, the Parties are unable to resolve the dispute regarding the Challenging Party's objections, the Challenging Party may request (via a noticed motion) that the Court resolve the dispute and seek an order to de-designate (*i.e.* to rule to not be confidential) the Protected Material and/or remove the redaction subject to the objections (the "Designation Motion"). The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items to Qualified Persons.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

i.   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action.

ii.   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for purposes of managing or overseeing this Action, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

iii.   Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

iv.   the Court and its personnel.

v.   court reporters and their staff, professional jury, or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

vi.   during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

vii.   the author, source, addressee, or recipient of the Protected Material (or document containing the Protected Material information) or a custodian or other person who otherwise is already in possession legitimately of the Protected Material.

7.3     <u>Disclosure of "HIGH CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items to Qualified Persons</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

i.   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action.

ii.   Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(i-iii), below, have been followed.

iii.   the Court and its personnel.

iv.   court reporters and their staff, professional jury, or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

v.   the author, source, addressee, or recipient of the Protected Material (or document containing the Protected Material information) or a custodian or other

person who otherwise is already in possession legitimately of the Protected Material.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGH CONFIDENTIAL –
ATTORNEYS' EYES ONLY" Information or Items to Experts.

     i.  Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Protective Order) any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to Section 5 first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, (5) identifies any patents or patent applications in  which the Expert is identified as an inventor or applicant, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

    ii.  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to

the identified Expert unless, within fourteen (14) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

iii.  If the Parties are unable to resolve any objection the Receiving Party may apply to the Court to resolve the matter. There will be no disclosure to any proposed individual during the 14-day objection period, unless that period is waived by the Designating Party, or if any objection is made, until the Parties have resolved the objection, or the Court has resolved the objection.

7.5    Nothing in this Protective Order shall preclude a Party from otherwise introducing into evidence at trial or any evidentiary hearing, any Protected Material that is admissible under applicable law. The Parties shall meet and confer regarding the procedures for use of Protected Material at trial, or at any evidentiary hearing, and shall move the Court for entry of an appropriate order. At trial or evidentiary hearings, the Court may make such other measure or enter separate orders, as the Court deems appropriate or upon request by any Party, to protect the claimed Protected Material sought to be introduced or admitted.

7.6    Nothing in this Protective Order shall preclude a Party from otherwise filing with the Court any Protected Material, or descriptions thereof, in connection with motions or other submissions in this Action. The Parties will use the following procedure, absent further Court order, for disclosing Protected Material to the Court prior to trial:

i.  Such Protected Material, or descriptions thereof, shall be filed under seal in accordance with the CM/ECF Procedures. Redacted versions of papers with Protected Material filed under seal shall be filed with the Court in accordance with the CM/ECF Procedures and made publicly available provided that (1) all

Protected Material set forth in the papers is deleted or obscured and all

Protected Material is removed as exhibits, and (2) redacted versions of the

papers are clearly marked "Public Version." Redacted versions of the papers

also must clearly identify each place where information or exhibits have been

deleted.

7.7      Nothing in this Protective Order shall limit any Designating Party's use of its own

Protected Material or shall prevent any Designating Party from disclosing its own Protected

Material to any person for any purpose. Such disclosure shall not affect any confidential

designation made pursuant to the terms of this Protective Order so long as the disclosure is made

in a manner that is reasonably calculated to maintain the confidentiality of the Protected

Material.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
LITIGATION

8.1      If a Party is served with a subpoena or a court order issued in other litigation that

compels disclosure of any information or items designated in this Action as "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

    i.   promptly notify in writing the Designating Party. Such notification shall include
a copy of the subpoena or court order;

    ii.   promptly notify in writing the Party who caused the subpoena or order to issue
in the other litigation that some or all of the material covered by the subpoena or
order is subject to this Protective Order. Such notification shall include a copy
of this Protective Order; and

     iii.   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

9.1     The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    i.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    ii.   promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    iii.   make the information requested available for inspection by the Non-Party.

9.3    If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

MATERIAL

11.1    The Parties have agreed that, in discovery in this Action, they do not intend to

disclose information subject to a claim of attorney-client privilege or attorney work product

protection. This Protective Order does not affect or constitute a waiver of any Party's right to

withhold or redact information protected from disclosure by the attorney-client privilege, work

product doctrine, or any other applicable privilege, protection, law, or regulation.

11.2    Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure

26(b)(5)(B), the inadvertent production of privileged or work product Discovery Material that a

Producing Party thereafter claims should not have been produced or disclosed based on privilege

or work product protections is not necessarily a waiver in this Action or in any other federal or

state proceeding. The inadvertent production of privileged or work product Discovery Material

shall not itself constitute a waiver for any purpose if the Producing Party certifies that the

production of such material was inadvertent unless the Producing Party failed to take reasonable

steps to prevent disclosure or failed to take reasonable steps to rectify the error, including

following Federal Rule of Civil Procedure 26(b)(5)(B).

11.3    If the Producing Party contends that it has inadvertently produced Discovery

Material that includes information subject to a claim of attorney-client privilege and/or attorney

work product immunity, it shall provide written notice to the Receiving Party of its claim of

inadvertent production of such information, along with a description that sufficiently identifies

the Discovery Material at issue and the basis(es) for the Disclosing Party's claim of attorney-

client privilege and/or attorney work product immunity.

11.4     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced Discovery Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The recipient of an inadvertent production may not "sequester" or in any way use the Discovery Material pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B).

11.5     If the Receiving Party contests the claim of attorney-client privilege and/or work product protection, the Receiving Party must – within ten (10) business days of receipt of the written notice from the Producing Party – move the Court for an order compelling production of the Discovery Material identified as protected under the claim of attorney-client privilege and/or work product pursuant to the Court's procedures for resolving discovery disputes ("Disclosure Motion"). Such a Disclosure Motion shall be filed or lodged conditionally under seal and shall not assert as a ground for entering such an order the fact or circumstances of the production of the Discovery Material identified as protected under the claim of attorney-client privilege and/or work product. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Discovery Material identified as protected under the claim of attorney-client privilege and/or work product.

12.     FINAL DISPOSITION

12.1     Within sixty (60) days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or

destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).


Dated: _____            Respectfully submitted,

                                   /s/_____


Dated:  September 12, 2025


          SO ORDERED THIS _____ DAY OF _____, 2025


                              _____
                              HON. JOHN P. CRONAN
                              COURT

DEFENDANT LAN CAO

By:_____

    Grace L. Pan
    Jonathan C. Sterling
    Simone A. Shuman
    CARLTON FIELDS, P.A.
    405 Lexington Avenue, 36th Floor
    New York, NY 10174
    Tel.: 212-380-9633
    Fax: 212-785-5203
    *gpan@carltonfields.com*
    *jsterling@carltonfields.com*
    *sshuman@carltonfields.com*


    CLAIMANTS ISIDRO DE JESUS,
    BULFRANO CASARUBIA a/k/a
    FANO CASARRUBIAS,
    LUIS CORDOVA, and SUONG DOE


By:_____

    Michael Samuel
    Andrew Beresin
    SAMUEL LAW FIRM
    1441 Broadway, Suite 6085
    New York, New York 10018
    (212) 563-9884
    *Michael@thesamuellawfirm.com*
    *Andrew@thesamuellawfirm.com*


    DEFENDANT SUONG CHAMNANKOOL


By:_____

    Lord Chester So
    LAW OFFICES OF LORD CHESTER SO
    521 Fifth Avenue, 17th Fl.
    New York, NY 10175
    (212) 292-4288
    *lordchesterso@yahoo.com*

## EXHIBIT A

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order  that was issued by the United States District Court for the Southern District of New York on _____ [date] in the case of *Isidro De Jesus et al. v. Lan Cao and Suong Chamnankool*, No. 1:24-cv-09901 (S.D.N.Y.), I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed: _____

Printed Name: _____
                        [printed name]

Signature:_____
                        [signature]


_____(Attorney)