ATTORNEYS AT LAW

CARLTON FIELDS

**Chrysler Building**
405 Lexington Avenue | 36th Floor
New York, New York 10174-3699
212.785.2577 | fax 212.785.5203
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
**New York**
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

**GRACE L PAN**
Shareholder
212.380.9633 Direct Dial
GPan@carltonfields.com

October 21, 2025

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
(212) 805-0218
CronanNYSDChambers@nysd.uscourts.gov

**Via ECF and Email**

***Re*: *De Jesus et al. v. Lan Cao et al.* | Case No. 1:24-cv-09901-JPC**

Dear Judge Cronan:

We write on behalf of Defendant Lan Cao ("Cao") in the above-referenced action. Pursuant to Your Honor's Individual Practice Rules Section 6(A), we respectfully submit our opposition letter to Defendant Chamnankool's ("Chamnankool") proposed motion to dismiss under FRCP 12(b)(1) and 12(b)(6). Chamnankool's request for leave to file its motion to dismiss should be denied because the motion is an untimely delay tactic since parties are now twenty-seven (27) days from the close of fact discovery and it lacks merits under 12(b)(1).

**Defendant Chamnankool's Motion is Untimely**

Chamnankool seeks leave to bring a motion to dismiss under FRCP 12(b)(1) and 12(b)(6). Chamnankool's anticipated motion to dismiss is untimely and prejudicial to Defendant Cao given the present state of litigation where Chamnankool's continued refusal to comply with Cao's discovery requests which hinders the progression of the current litigation. To date, only four IMessage screenshots have been produced, and no deposition dates have been confirmed although the parties are less than one month away from the close of fact discovery. While Cao is sympathetic to Chamnankool's incoming counsel, she was represented by counsel since May 7, 2025.

As to Defendant Chamnankool's request to file a motion to dismiss cross claims I-III under 12(b)(1) Cao respectfully submits that too should be denied. While FRCP 12 allows a 12(b)(1) motion to be filed at any time, federal courts must ensure that there is subject matter jurisdiction throughout the pendency of every case. Doing so at this late stage into discovery would highly prejudice Defendant Cao. Rule 12(b)(1) cannot be used as a tool for tactical delay, especially when supplemental jurisdiction is clear on the face of the pleadings. Close of fact discovery is less than four (4) weeks away and the only party that has produced any meaningful documents in this litigation is Cao. At this time, Plaintiffs and Chamnankool collectively

produced less than 45 documents. These documents mainly consist of pictures around Café's kitchen while Cao, has produced over 200 documents responsive to parties' discovery requests. Cao has numerous discovery disputes pending resolution before Your Honor, no depositions have been taken let alone scheduled, and third-party discovery is still outstanding. Dkt. No. 65. Cao will not know how to proceed through the end of fact discovery if Your Honor permits the motion to be briefed at this time. If the proposed motion is allowed to go forward, it will be unclear which discovery responses Cao should move to compel, and what lines of questioning she should pursue at deposition. Cao will thus be prejudiced if leave is granted to Chamnankool to file a 12(b)(1) motion at this late stage. Alternatively, if the Court permits the filing of a motion to dismiss, the Court should stay discovery during the pendency of the motion or set new discovery deadlines so that Cao is able to establish a new defense and prosecute her crossclaims.

As to Chamnankool's proposed Rule 12(b)(6) motion seeking dismissal of Cao's indemnification claim, Chamnankool was required to file an answer or responsive pleading to Cao's Amended Answer with Crossclaims within 21 days. FRCP 12(a)(1)(b). Cao filed her Amended Answer with Crossclaims on June 25, 2025, which required Chamnankool to respond by July 16, 2025, over three months ago. Because the deadline for moving to dismiss under Rule 12(b)(6) has long passed, and because the filing of such a motion at this late stage will prejudice Cao (as set forth above), Cao respectfully requests the Court similarly deny this portion of the request.

**This Court has Subject Matter Jurisdiction Over Cao's Crossclaims**

Cao's crossclaims are properly filed in this Court. Chamnankool argues incorrectly that Cao's crossclaims for fraud, conversion, breach of fiduciary duty, and indemnification are only related to the underlying case because of a "general employment relationship"; however, Cao's claims satisfy both Rule 13(g) and the requirements of 28 U.S.C. § 1367(a), because the factual underpinnings of the crossclaims are directly related to Cao's defense against Plaintiffs' wage and hour claims.

Rule 13(g) of the Federal Rules of Civil Procedure states that "[a] pleading may state as a crossclaim any claim by one party against a co-party if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." In the context of Rule 13, the same "transaction or occurrence" standard is met when there is a "logical relationship" between the two claims. *Frias v. Aviles-Ramos*, No. 25 CIV. 5936 (JPC), 2025 WL 2494336, at *2 (S.D.N.Y. Aug. 29, 2025) (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004)). The "logical relationship" test does not require an "absolute identity of factual backgrounds"; all that is required is that the "essential facts" of the claims are so "logically connected" that "considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* Section 1367(a) similarly states that claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011). Cao's crossclaims meet this standard.

Cao's First Amended Answer and Affirmative Defenses with Crossclaims pled that Cao ceased being the manager of VCafé in 2017 due to open-heart surgery and that Chamnankool

took over running the day-to-day operation of VCafé. Dkt. No. 52 ¶ 14. Part of Chamnankool's duties included paying Plaintiffs for overtime wages. *Id.* at ¶17. Chamnankool, however, cashed checks from LT & LT's bank account to pay Plaintiffs' overtime wages, and forged Cao's name on the signature line instead of signing her own. *Id.* at ¶¶ 17, 21-22.

The fact that Chamnankool forged business checks in Cao's name during the relevant period is related to Plaintiffs' wage and hour claims because an element of Cao's defense is that she was not involved with Plaintiffs' employment nor the day-to-day operation of VCafé. The fact that Chamnankool paid Plaintiffs in cash and kept receipts that were later destroyed is similarly related, because Plaintiffs claim they were never paid overtime. How overtime was paid, whether Plaintiffs' initially signed receipts, and what Chamnankool did with the cashed checks are all closely related to Cao's defense to Plaintiffs' claims. Cao's crossclaims are thus not premised on just a "general employment relationship" as Chamnankool argues, but rather on how Chamnankool ran the day-to-day operations of VCafé in Cao's absence during the relevant period. *See Treglia v. Town of Manlius,* 313 F.3d 713, 723 (2d Cir. 2002) (finding the exercise of supplemental jurisdiction proper where plaintiff's state and federal claims arose out of "approximately the same set of events"). Because Cao's crossclaims arise out of the "same set of events" and contain a "logical relationship" to Plaintiffs' wage and hour claims, the Court has supplemental jurisdiction over the crossclaims. *Frias*, 2025 WL 2494336, at *2. Chamnankool's proposed 12(b)(1) motion would thus serve no purpose other than delay.

**Crossclaim IV for Indemnification**

Cao respectfully maintains that Chamnankool's request to file a 12(b)(6) motion should not be granted based on it being untimely. Moreover, Chamnankool's argument that this cause of action is not cognizable is inconsistent with her own filings in the case. Significantly, Chamnankool amended her answer to include a crossclaim for indemnification against Cao prior to Cao's filing of an amended answer. *Compare* Dkt. Nos. 51 and 52. The fact that Chamnankool brought the same claim against Cao shows that this motion to dismiss is being brought for purposes of delay and that Chamnankool's own pleading undermines her claim of "no prejudice" based on facial deficiency. Finally, it further shows the lack of good cause to file an untimely motion. If Your Honor is inclined to dismiss Crossclaim IV for common law indemnification, Cao respectfully requests your Honor similarly dismiss Chamnankool's single crossclaim against Cao for indemnification on the same grounds. *See* Dkt. No. 51.

Respectfully Submitted,

/s/***Grace Pan***

Grace L. Pan
CARLTON FIELDS, P.A.
405 Lexington Avenue, 36th Floor
New York, NY 10174
Tel.: 212-380-9633
Fax: 212-785-5203
gpan@carltonfields.com