BROWN KWON & LAM LLP

Brown Kwon & Lam, LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

Writer's Direct: William Brown, Esq.
wbrown@bkllawyers.com

October 22, 2025

**Via ECF**
The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Isidro de Jesus, et al. v. Lan Cao, et al.*
Case No. 1:24-cv-9901(JPC)

Dear Judge Cronan:

We represent Defendant Suong Chamnankool in the above-captioned matter. We write in response to Defendant Lan Cao's letter dated October 17, 2025 (ECF No. 65), requesting a discovery conference. While Cao's counsel previously conferred with Chamnankool's former counsel, they filed the present letter without first engaging in a good-faith conference with the undersigned, as required by Federal Rule of Civil Procedure 37(a) and Section 5(C) of the Court's Individual Rules. In fact, Cao's counsel expressly declined the undersigned's invitation to discuss in good faith the alleged deficiencies in Chamnankool's production. Thus, Cao's request for conference should be denied on that basis alone. Moreover, neither Cao's deficiency letter nor her October 17 submission identifies a substantive basis for why the requested documents are relevant or otherwise discoverable. As explained below, most of Cao's requests seek information that is (i) outside the scope of permissible discovery, (ii) vague and ambiguous, or (iii) disproportionately burdensome and oppressive. In any event, Chamnankool possesses very few relevant and responsive documents, and those have already been produced.

1. Defendant Cao's has not satisfied the good faith requirement.

Rule 37(a)(1) of the Federal Rules of Civil Procedure states, "[o]n notice to other parties and all affected persons, a person may move for an order compelling disclosure of discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Furthermore, Section 5(C) of the Court's Individual Rules of Practice require that, "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." Here, Defendant Cao has plainly failed to satisfy this requirement.

According to Defendant Cao counsel Grace Pan's October 17 letter, a deficiency letter was served on September 5, 2025. Ms. Pan further states that on September 16, 2025, a meet-and-confer call took place between Defendant Cao's attorneys and Chamnankool's prior counsel, Lord

Chester So, Esq. She claims that Mr. So agreed to send a production proposal by September 22, 2025, but that such a proposal was never provided. On October 6, 2025—just over two weeks ago—the undersigned was substituted as counsel for Defendant Chamnankool. That same day, I reached out to counsel for all parties to request a call to discuss the current status of discovery. A call with counsel for all parties took place on October 9, 2025. The purpose of the call was to clarify what discovery remained outstanding and to coordinate the scheduling of depositions. It became clear during that call that it would not be possible to complete discovery within the remaining month, given that six party depositions and one non-party deposition still had to be scheduled. While Cao's attorneys mentioned during the call that they believed Chamnankool's production was deficient, the specifics of those alleged deficiencies were not discussed. I advised that I would confer with prior counsel and respond within the following week regarding whether any supplemental production would be made. We did confer with Mr. So but were unable to obtain much additional clarity. According to Mr. So, the discussion was left unresolved and deferred to incoming counsel to work out a resolution with Cao's counsel. Therefore, as set forth in Cao's letter, I responded that I was unaware of what documents remained outstanding based on the parties' prior meet-and-confer, and I requested a follow-up discussion. To avoid further delay, I provided my availability for a call the following day. (See Exhibit M to Cao's Letter.)

Instead of conferring with Chamnankool's current counsel—who had expressly indicated a willingness to resolve the dispute—Cao's counsel ignored that invitation and proceeded to file a letter-motion. Even after the letter-motion was filed, we again reached out to Cao's counsel on October 17, 2025, stating: "I understand you already filed a discovery pre-motion letter, but I remain willing to discuss the issues raised in your letter to see if we can resolve it between us."

The good-faith requirement is not satisfied by merely checking a box that a call occurred; it requires a genuine, good-faith effort on the part of the moving party. While the earlier meet-and-confer with Mr. So was inconclusive, current counsel expressed a willingness to approach the discussion in a conciliatory manner. By flatly refusing to confer with newly appearing counsel, Defendant Cao's counsel gives the appearance of attempting to improperly multiply these proceedings and to evade the good-faith requirements of Rule 37. Accordingly, in lieu of motion practice, Defendant Chamnankool respectfully requests that the Court direct Defendant Cao to engage in a meet-and-confer call and to report back as to whether a dispute remains.

2. <u>The document requests are neither relevant nor proportional.</u>

Motions to compel discovery are governed by a "two-step analytical framework." *Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16 Civ. 1805, 2017 U.S. Dist. LEXIS 111548 (S.D.N.Y. July 18, 2017). "First, the moving party must demonstrate that the information sought is discoverable, including, among other things, that it is relevant." *Id.* And second, "once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Id.* While "relevance, for purposes of discovery, is an extremely broad concept," neither is it "unlimited." *Brunckhorst v. Bischoff*, No. 21 Civ. 4362 (JPC), 2023 U.S. Dist. LEXIS 72834, 2023 WL 3090950, at *3 (S.D.N.Y. Apr. 26, 2023). And even when discovery is relevant, courts should still "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A court thus "has the discretion to deny discovery requests

if it determines that the burden or expense of the proposed discovery outweighs its likely benefit." *Lockton Partners, LLC v. Stone Point Capital LLC*, No. 25 Misc. 102 (JPC), 2025 U.S. Dist. LEXIS 102535 (S.D.N.Y. May 29, 2025); *see also GMO Gamecenter USA, Inc. v. Whinstone US, Inc.*, No. 22 Civ. 5974 (JPC), 2024 U.S. Dist. LEXIS 211674 (S.D.N.Y. Nov. 18, 2024) ("[C]ourts are encouraged to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information.").

Here, Defendant Cao has failed to identify how the requested documents are either relevant or proportional to the needs of the case. Indeed, Cao's letter does not even specify which documents Chamnankool allegedly failed to produce. Moreover, a cursory review of Cao's requests demonstrates that most seek materials that are neither relevant to the claims and defenses at issue nor proportional in light of the cost and burden of production. For example, Request No. 3 seeks all of Chamnankool's personal tax returns from 2017-2024, including those of her husband if filed jointly. Request No. 15 seeks "all documents evidencing debit and credit charges made by [Chamnankool] after 5:00 p.m. during her entire employment period at VCafe." Request No. 26 seeks all bank statements and deposit slips from 2017-2024, including those in her husband's name; Request No. 27 seeks all credit card statements; Request No. 28 seeks all utility payments; Request No. 29 seeks all health-insurance and medical-bill payments from 2017-2024; Request No. 30 seeks all Western Union receipts from 2017-2024; Request No. 31 seeks documents relating to rent payments on her personal residence; Request No. 32 seeks DMV registrations for her personal vehicles; Request No. 33 seeks records of health-club memberships; and Request No. 34 seeks all "warehouse memberships and payments associated with those memberships." As can be plainly seen, Defendant Cao seeks documents that have no bearing as to whether the Plaintiffs were paid proper overtime or whether Cao was Plaintiffs' employer under the FLSA/NYLL.

To the extent Defendant Cao contends that the requested documents are uniquely relevant to her cross-claims, that contention only underscores Chamnankool's position that those cross-claims do not arise from the same nucleus of operative facts as Plaintiffs' wage-and-hour claims, and therefore should be dismissed for lack of subject-matter jurisdiction.

Defendant Chamnankool is an individual who, for most of her adult life, worked as a cook in various restaurants, including VCafe. Even at VCafe, she was paid a modest hourly wage by Defendant Cao. She has very limited financial resources and is exceptionally unsophisticated; she does not know how to use a smartphone or a computer. Permitting Cao to pursue highly invasive and costly searches into Chamnankool's personal finances would impose a substantial burden for documents of limited—or no—relevance to the issues in this case. Moreover, Chamnankool simply does not possess most of the employee records that Cao seeks.

* * *

For the foregoing reasons, Defendant Chamnankool respectfully requests that the Court deny Defendant Cao's request for a discovery conference and instead direct the parties to engage in a meet-and-confer to determine whether the dispute can be resolved without further Court intervention.

We thank the Court for its time and attention.

Respectfully submitted,

/s/ *William Brown*

William Brown, Esq.

cc: All parties via ECF