**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ISIDRO DE JESUS, BULFRANO CASARUBIA a/k/a FANO CASARRUBIAS, LUIS CORDOVA, and EDUARDO BLANQUEL,

Plaintiffs,

- v -

LAN CAO, and SUONG CHAMNANKOOL,

Defendants.

Case No.: 1:24-cv-09901 (JPC)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SUONG CHAMNANKOOL'S MOTION TO DISMISS DEFENDANT LAN CAO'S CROSSCLAIMS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)**

**BROWN KWON & LAM, LLP**
William Brown, Esq.
Angela Kwon, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
wbrown@bkllawyers.com
akwon@bkllawyers.com
*Attorneys for Defendant Suong Chamnankool*

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .................... ii

I. PRELIMINARY STATEMENT .................... 1

II. STANDARD OF REVIEW .................... 2

A. Federal Rule of Civil Procedure 12(b)(1) .................... 2

B. Federal Rule of Civil Procedure 12(b)(6) .................... 3

III. ARGUMENT .................... 3

A. There is no independent basis for federal jurisdiction over Cao's crossclaims .3

B. The crossclaims do not share a common nucleus of operative fact with Plaintiffs' FLSA claims .................... 8

C. The crossclaims arise from a set of facts separate and apart from the FLSA claims .................... 4

D. Even if Section 1367(a) were satistifed, the Court should decline supplemental jurisdiction under Section 1367(c). .................... 6

E. In the alternative, the allegations concerning wage-record disposal and cash payments fail to state a claim for breach of fiduciary duty under Rule 12(b)(6). .................... 7

VI. CONCLUSION .................... 12

**Exhibit A** – Response to Defendant Cao's First Request for Production of Documents to Defendant Suong Chamnankool

# TABLE OF AUTHORITIES

## CASES

*Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328 (2d Cir. 2006)................................ 3

*Alexander & Alexander of N.Y., Inc. v. Fritzen*, 147 A.D.2d 241, 542 N.Y.S.2d 530 (1st Dep't 1989) ........................................................................................................................ 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 3

*Bravin v. Fashion Week, Inc.*, 73 Misc. 2d 974, 342 N.Y.S.2d 971 (Civ. Ct. Suffolk Cty. 1973)11

*DeMartino v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 189 A.D.3d 774, 137 N.Y.S.3d 116 (2d Dep't 2020) ........................................................... 10

*Doe v. Solera Capital LLC*, No. 18 Civ. 1769, 2019 U.S. Dist. LEXIS 55860 (S.D.N.Y. March 31, 2019) ........................................................................................................................ 11

*Favors v. Cuomo*, 881 F. Supp. 2d 356 (E.D.N.Y. 2012)............................................................ 4

*Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798 (2d Cir. 1979) ................................ 4

*Figurowski v. Marbil Inv'rs, LLC*, No. 14 Civ. 7034, 2015 U.S. Dist. LEXIS 85900 (E.D.N.Y. July 1, 2015)........................................................................................................................ 9

*Grewal v. Cuneo*, No. 13 Civ. 6836, 2016 U.S. Dist. LEXIS 8349 (S.D.N.Y. Jan. 25, 2016)..... 11

*Laracuente v. Major Otis LLC*, No. 15 Civ. 155, 2016 U.S. Dist. LEXIS 64878 (E.D.N.Y. May 17, 2016) ........................................................................................................................ 5

*Lawrence v. NYC Med. Practice, P.C.*, No. 18 Civ. 8649, 2019 U.S. Dist. LEXIS 150408 (S.D.N.Y. Sep. 3, 2019) ........................................................................................................ 8

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000)............................................................. 2

*Mori v. E1 Asset Management, Inc.*, 15 Civ. 1991, 2016 U.S. Dist. LEXIS 27911 (S.D.N.Y. Jan. 28, 2016) ........................................................................................................................ 5

*Penton Learning Sys., LLC v. Defense Strategies Inst. Grp.*, 2014 N.Y. Slip Op. 32130(U), 2014 N.Y. Misc. LEXIS 3622 (Sup. Ct. N.Y. Cty. 2014) ........................................................ 11

*Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184 (2d Cir. 2003)............................. 10

*Pozner v. Fox Broadcasting Co.*, 59 Misc. 3d 897, 74 N.Y.S.3d 711 (Sup. Ct. N.Y. Cty. 2018) 11

*Primiani v. Vintage 185, Inc.*, No. 18 Civ. 2237, 2019 U.S. Dist. LEXIS 20079 (E.D.N.Y. Feb. 6, 2019) ........................................................................................................................ 11

*Schwartz v. Leonard*, 138 A.D.2d 692, 526 N.Y.S.2d 506 (2d Dep't 1988)............................... 11

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234 (2d Cir. 2011) ......................... 4, 8

*Sullivan & Cromwell LLP v. Charney*, 15 Misc. 3d 1128(A), 841 N.Y.S.2d 222 (Sup. Ct. N.Y. Cty. 2007) ........................................................................................................................ 11

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239 (2d Cir. 2014)................... 3

*Thomas v. EONY LLC*, No. 13 Civ. 8512, 2015 U.S. Dist. LEXIS 52290 (S.D.N.Y. Apr. 21, 2015) ........ 5, 9

*Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2012) ........ 5, 11

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ........ 3, 4

Veritas Capital Mgmt., L.L.C. v. Campbell, 82 A.D.3d 529, 918 N.Y.S.2d 448 (1st Dep't 2011) ........ 10

**STATUTES**

28 U.S.C. § 1367(a) ........ 3

28 U.S.C. § 1367(c) ........ 8

**RULES**

Fed. R. Civ. P. 13(g) ........ 4

Defendant Suong Chamnankool ("Chamnankool") respectfully submits this memorandum of law in support of her motion dismiss the crossclaims asserted by Defendant Lan Cao for common law fraud, conversion and breach of fiduciary duty pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Chamnankool further respectfully requests that the deadline to respond to Defendant Cao's crossclaims be extended *nunc pro tunc.*

## I. PRELIMINARY STATEMENT

Plaintiffs Isidro De Jesus, Bulfrano Casarubia, Luis Cordova, and Eduardo Blanquel filed a First Amended Complaint ("FAC") seeking damages for unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (ECF Doc. No. 24.) The FAC alleges that Defendants Suong Chamnankool and Lan Cao are individually liable as employers for the alleged wage-and-hour violations. The allegations are typical of hospitality-sector FLSA cases: Plaintiffs claim they worked between 60 and 70 hours per week at VCafe, a Vietnamese restaurant in Manhattan, but received payment only for 40 hours of work each week.

In Defendant Cao's First Amended Answer, she included four crossclaims against Chamnankool for (i) fraud, (ii) conversion, (iii) breach of fiduciary duty, and (iv) common law indemnification. (ECF Doc. No. 52). According to Cao, she opened VCafe in 2003 and hired Chamnankool as a cook in 2005, later promoting her to manager. (Crossclaims ¶¶ 6, 10, 12). Cao alleges that, after undergoing heart surgery in 2017, she entrusted Chamnankool with day-to-day operations. (Crossclaims ¶ 14). She further alleges that Chamnankool permitted employees to be paid in a combination of cash and check, maintained time and pay records, and made unauthorized cash withdrawals and signed checks in Cao's name after being added as an authorized user on the business bank account in 2018. (Crossclaims ¶¶ 17, 20, 26). Cao also asserts a breach of fiduciary duty arising out of alleged misconduct relating to ownership and control of the business.

Following a pre-motion conference held on November 5, 2025, Cao voluntarily dismissed the fourth crossclaim for common-law indemnification. (ECF Doc. No. 75). Chamnankool now seeks dismissal of Cao's remaining state-law crossclaims for fraud, conversion, and breach of fiduciary duty.

The crossclaims have no factual overlap with the hours Plaintiffs worked, the wages they received, or the pay practices at issue under the FLSA and NYLL. Because the crossclaims do not derive from a common nucleus of operative fact with Plaintiffs' claims, the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367(a). Even if Section 1367(a) were satisfied, the Court should nevertheless decline supplemental jurisdiction under Section 1367(c) because the state-law issues would predominate, confuse a jury, and substantially overshadow the FLSA claims.

In addition, to the extent Cao's breach of fiduciary duty claim is premised solely on allegations that Chamnankool discarded wage records or permitted employees to be paid in cash, those allegations fail to state a claim as a matter of law. Accordingly, and in the alternative to dismissal under Rule 12(b)(1), Chamnankool also moves pursuant to Rule 12(b)(6) to dismiss that portion of the fiduciary duty claim for failure to state a viable cause of action. The crossclaims must therefore be dismissed in their entirety.

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

A case must be dismissed under Federal Rule of Civil Procedure 12(b)(1) when "the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting subject-matter jurisdiction bears the burden of proving, by a preponderance of the evidence, that such jurisdiction exists. *Id.* On a Rule 12(b)(1) motion, the Court "must take all uncontroverted facts in the complaint as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina*

*of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, where jurisdictional facts are disputed, "the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." *Id.* (internal quotation marks omitted).

In civil actions where a district court possesses original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). To qualify as the same Article III case or controversy, the state and federal claims must "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). In determining whether claims arise from a common nucleus of operative fact, courts examine "whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotation marks omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

A complaint must be dismissed under Rule 12(b)(6) when it fails to state a claim upon which relief can be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a claim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## III. ARGUMENT

### A. There is no independent basis for federal jurisdiction over Cao's crossclaims.

Defendant Cao's crossclaims assert causes of action for fraud, conversion, and breach of fiduciary duty—each a state-law tort. They do not raise a federal question under 28 U.S.C. § 1331

and no diversity of citizenship exists under Section 1332. Therefore, the crossclaims can exist in this Court only if supplemental jurisdiction under 28 U.S.C. § 1367 applies.

**B. The crossclaims do not share a common nucleus of operative fact with Plaintiffs' FLSA claims.**

Rule 13(g) of the Federal Rules of Civil Procedure states that "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). In determining whether a crossclaim arises out of the same transaction or occurrence as the original claim, courts generally consider "(1) identity of facts between the original claim and the cross-claim; (2) mutuality of proof; and (3) logical relationship between the original claim and the cross-claim." *Favors v. Cuomo*, 881 F. Supp. 2d 356, 373 (E.D.N.Y. 2012); *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 811-12 (2d Cir. 1979). However, Rule 13(g)'s permissive pleading standard does not itself supply subject-matter jurisdiction. Any crossclaim must still independently satisfy 28 U.S.C. § 1367.

Under 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction over a state-law claim only if it "derives from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (citing *Gibbs*, 383 U.S. at 725). Here, the only potential thread linking the crossclaims to Plaintiffs' minimum wage and overtime claims is that both sets of allegations arise generally from the same workplace during the same period. Cao also appears to suggest that the alleged misappropriation of funds is somehow connected to the wages owed to Plaintiffs. To the extent Defendant Cao contends that a common nucleus of operative fact exists merely because the FLSA claims and the crossclaims stem from the same employment relationship, courts in the Second Circuit have repeatedly rejected that argument.

For instance, in *Laracuente v. Major Otis LLC*, No. 15 Civ. 155, 2016 U.S. Dist. LEXIS 64878 (E.D.N.Y. May 17, 2016), the court declined to exercise supplemental jurisdiction on the basis that the employment relationship was insufficient to establish a common nucleus of operative fact between the plaintiff's FLSA claims and defendants' state-law counterclaims for breach of contract, breach of the duty of loyalty, misappropriation, misappropriation of proprietary information, unfair competition and breach of a loan agreement claims. The court explained that the plaintiff's "straightforward wage and hour claims" required factual determinations regarding hours worked and rates of pay, whereas the defendants' counterclaims turned on an entirely different set of evidence and required distinct factual and legal analysis. *Id.* at *5. The court emphasized that although there might be some factual or evidentiary overlap, "the facts underlying [plaintiff's] federal claim and [defendant's] counterclaims do not 'substantially overlap,' nor [did plaintiff's] federal claim necessarily bring the facts underlying the state claims before the court." *Id.*; *see also Thomas v. EONY LLC*, No. 13 Civ. 8512, 2015 U.S. Dist. LEXIS 52290, at *13 (S.D.N.Y. Apr. 21, 2015) ("[T]he fact of an employment relationship does not establish a common nucleus of operative fact where it is the sole fact that connects federal and nonfederal claims."); *Mori v. E1 Asset Management, Inc.*, 15 Civ. 1991, 2016 U.S. Dist. LEXIS 27911, at *9 (S.D.N.Y. Jan. 28, 2016) (declining to exercise supplemental jurisdiction over breach of duty counterclaim in FLSA suit); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 467-68 (S.D.N.Y. 2012) (declining to exercise supplemental jurisdiction over faithless servant counterclaim in FLSA suit).

Cao further attempts to manufacture supplemental jurisdiction by alleging that Chamnankool breached a fiduciary duty owed to her by discarding wage-and-hour records or paying employees in cash. But the gravamen of Cao's breach-of-fiduciary-duty claim is that Chamnankool allegedly harmed *Cao*, not Plaintiffs. The breach-of-fiduciary-duty crossclaim alleges a duty flowing *from*

*Chamnankool to Cao*, not from Chamnankool to the employees. Whether Chamnankool breached duties she owed to Cao has no bearing on whether Plaintiffs were paid properly under the FLSA and requires proof of an entirely different set of operative facts: whether Chamnankool owed Cao a fiduciary duty as an owner or manager; whether the alleged acts constituted disloyalty or a breach of that duty; and whether Cao suffered a personal injury as a result. These questions turn on internal governance, agency principles, the scope of managerial authority, and the economic relationship between co-owners. Resolution of Plaintiffs' wage-and-hour claims will not resolve, or substantially illuminate, any of these issues.

Thus, even if some factual background overlaps superficially, such as whether time records existed, these facts play entirely different roles in the two sets of claims. For Plaintiffs, the issue goes to wage compliance; for Cao, it goes to alleged internal business injury. Because the portion of the fiduciary duty claim concerning record disposal and cash payments involves a distinct duty, a distinct alleged injury, and distinct operative facts, it does not derive from a common nucleus of operative fact with Plaintiffs' FLSA claims and cannot serve as a basis for supplemental jurisdiction.

**C. The crossclaims arise from a set of facts separate and apart from the FLSA claims.**

Defendant Cao may attempt to rely on the limited line of cases in which courts exercised supplemental jurisdiction because the state-law counterclaims required evaluation of the same, or substantially the same, evidence as the underlying FLSA claims. Those cases are readily distinguishable. Here, the crossclaims will require an entirely different body of evidence, directed toward issues wholly unrelated to Plaintiffs' wage-and-hour allegations.

The factual predicates for Plaintiffs' wage claims under the FLSA and NYLL are narrow and straightforward. Plaintiffs allege that they worked 60 to 70 hours per week, were paid only for their first 40 hours, and did not receive proper overtime pay or required wage notices. Proving these

claims will require testimony and documents relating to: (i) the hours Plaintiffs worked; (ii) the wages they received; (iii) whether overtime premiums were paid; (iv) whether wage notices and statements were provided; and (v) who exercised operational control over the terms and conditions of Plaintiffs' employment.

By contrast, Cao's crossclaims arise from an entirely different set of alleged facts, which will require the production and introduction of evidence that would not otherwise be relevant to Plaintiff's FLSA claims. For instance, (i) documentation demonstrating checks signed in Cao's name without authorization; (ii) evidence of unauthorized withdrawals from VCafe's business account; (iii) documents relating to business expenditures and VCafe's financial information; and (iv) documents and testimony relating to whether Chamnankool acted in a way contrary to her legal duties as an agent of VCafe.

These allegations do not concern the wages Plaintiffs were paid, the number of hours they worked, or whether the restaurant complied with federal and state wage requirements. Instead, they concern alleged injuries to Cao herself, arising from purported misuse of business funds and violations of internal management responsibilities. The proof required for these claims, including bank records, financial controls, internal business operating practices, signatures and co-owner communications, is wholly distinct from the evidence required to prove Plaintiffs' wage-and-hour claims.

### D. Even if Section 1367(a) were satistifed, the Court should decline supplemental jurisdiction under Section 1367(c).

Even assuming, *arguendo*, that Cao's crossclaims satisfied the common-nucleus test under Section 1367(a), the Court should nevertheless decline to exercise supplemental jurisdiction. Section 1367(c) authorizes a district court to decline jurisdiction where: (1) the state-law claims raise novel or complex issues of state law; (2) the state-law claims substantially predominate over

the federal claim; (3) the court has dismissed all claims over which it has original jurisdiction; or (4) there are other compelling reasons for declining jurisdiction *See* 28 U.S.C. § 1367(c); *see also* *Shahriar*, 659 F.3d at 245. All four factors strongly support dismissal here.

First, the crossclaims require the evaluation of novel and complex issues of state business law. Namely, the crossclaims implicate issues of internal business governance, alleged misuse of business funds, the scope of fiduciary duties between co-owners or managers, and the legal effect of authorized versus unauthorized financial actions. These questions are governed exclusively by New York common law and require a detailed examination of business records, internal operating procedures, and the financial relationship between Cao and Chamnankool. Declining jurisdiction is particularly appropriate where, as here, the state-law claims would require the Court to delve into matters far removed from federal wage law. *See Lawrence v. NYC Med. Practice, P.C.*, No. 18 Civ. 8649, 2019 U.S. Dist. LEXIS 150408, at *23 (S.D.N.Y. Sep. 3, 2019) ("allowing the Defendants to pursue their state law counterclaims in state court would avoid needless decisions of state law by this Court").

Second, the crossclaims would substantially predominate over the FLSA and NYLL claims. Even where some minimal overlap exists between federal and state claims, courts regularly decline supplemental jurisdiction where the state-law issues would overshadow the FLSA claims in scope, complexity, and required proof. That is precisely the case here. Defendants argued that the adjudication of the crossclaims will necessarily involve the review of overlapping evidence with FLSA claims. However, Defendant Cao's argument is belied by their own document requests in which they seek from Chamnankool and non-party witnesses, documents well outside the scope of what is relevant to Plaintiffs' FLSA claims.

For example, Cao seeks Chamnankool's personal tax returns from 2017-2024, "all documents evidencing debit and credit charges made by [Chamnankool] after 5:00 p.m. during her entire employment period at VCafe;" Chamnankool's personal bank statements and deposit slips from 2017-2024, credit card statements; utility payments; and health-insurance and medical-bill payments from 2017-2024; all Western Union receipts from 2017-2024; rent payments on Chamnankool's personal residence; DMV registrations for Chamnankool's personal vehicles; records of Chamnankool's health-club memberships; and all "warehouse memberships and payments associated with those memberships." None of the above documents are even remotely relevant to Plaintiffs' unpaid minimum and overtime wage claims. See Exhibit A to Brown Decl.

Allowing these crossclaims to proceed would risk transforming a routine wage-and-hour action into a multi-faceted business dispute, thereby defeating the efficiency and simplicity the FLSA is intended to promote. *See Thomas*, 2015 U.S. Dist. LEXIS 52290, at *22 (declining to exercise jurisdiction where party's "attempt to litigate largely unrelated nonfederal claims in the same action . . . would result in the engrafting of a distinct, more complicated litigation onto a straightforward wage and hour case."); *Figurowski v. Marbil Inv'rs, LLC*, No. 14 Civ. 7034, 2015 U.S. Dist. LEXIS 85900, at *10 n.3 (E.D.N.Y. July 1, 2015) (declining to exercise jurisdiction on this alternative basis where state-law claims would require a "substantial amount of additional evidence and involve much broader issues than Plaintiff's straightforward FLSA overtime claim").

Finally, trying Plaintiffs' FLSA claims alongside Cao's complex financial and fiduciary-duty allegations would risk confusing the jury by intermixing unrelated evidence concerning bank withdrawals, financial irregularities, and alleged internal wrongdoing. Thus, even if the Court were to conclude that the crossclaims satisfy Section 1367(a), the strong policy considerations reflected in Section 1367(c) compel the Court to decline jurisdiction.

**E. In the alternative, the allegations concerning wage-record disposal and cash payments fail to state a claim for breach of fiduciary duty under Rule 12(b)(6).**

Even if the Court were to conclude that supplemental jurisdiction exists, the portion of Cao's breach of fiduciary duty claim premised solely on allegations that Chamnankool discarded wage records or permitted employees to be paid in cash fails to state a claim upon which relief may be granted. To state a claim for breach of fiduciary duty under New York law, a plaintiff must allege: (1) the existence of a fiduciary relationship; (2) misconduct by the fiduciary; and (3) damages directly caused by the misconduct. *See DeMartino v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 189 A.D.3d 774, 137 N.Y.S.3d 116, 119 (2d Dep't 2020). Allegations that an employee or manager paid workers in cash or mishandled payroll records do not satisfy any of these elements.

In the employment context, breach of fiduciary duty is evaluated under New York's faithless servant doctrine. Under that doctrine, "an employee owes a duty of good faith and loyalty to an employer which obligates him to be loyal to his employer and prohibits him from acting in any manner inconsistent with his agency or trust." *Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 200 (2d Cir. 2003). But that duty is triggered only where the employee acts directly against the employer's interests. As New York courts have explained, claims under the faithless servant doctrine are "available only where the employee has acted directly against the employer's interests—as in embezzlement, improperly competing with the current employer, or usurping business opportunities." *Veritas Capital Mgmt., L.L.C. v. Campbell*, 82 A.D.3d 529, 530, 918 N.Y.S.2d 448 (1st Dep't 2011).

Consistent with this principle, courts have upheld breach of fiduciary duty or duty-of-loyalty claims only in the limited circumstances where the employee misused confidential information to compete, diverted customers or business opportunities, accepted improper kickbacks, or otherwise

engaged in clear self-dealing. *See, e.g.*, *Penton Learning Sys., LLC v. Defense Strategies Inst. Grp.*, 2014 N.Y. Slip Op. 32130(U), *54-56, 2014 N.Y. Misc. LEXIS 3622 (Sup. Ct. N.Y. Cty. 2014) (working for competitor while employed); *Alexander & Alexander of N.Y., Inc. v. Fritzen*, 147 A.D.2d 241, 247-48, 542 N.Y.S.2d 530 (1st Dep't 1989) (diverting corporate opportunities).

Conversely, courts routinely dismiss faithless servant claims where the alleged misconduct, even if inappropriate or serious, does not constitute self-dealing or disloyalty. *See, e.g.*, *Doe v. Solera Capital LLC*, No. 18 Civ. 1769, 2019 U.S. Dist. LEXIS 55860, at *28-29 (S.D.N.Y. March 31, 2019) (forwarding confidential documents, unauthorized personal credit-card charges, and accessing executives' files insufficient); *Torres*, 628 F. Supp. 2d at 470 (misuse of customer's credit card, falsification of application, and sexual harassment insufficient); *Pozner v. Fox Broadcasting Co.*, 59 Misc. 3d 897, 900, 74 N.Y.S.3d 711 (Sup. Ct. N.Y. Cty. 2018) (sexual harassment insufficient); *Grewal v. Cuneo*, No. 13 Civ. 6836, 2016 U.S. Dist. LEXIS 8349, at *23-24 (S.D.N.Y. Jan. 25, 2016) (dishonesty and disparagement insufficient); *Schwartz v. Leonard*, 138 A.D.2d 692, 693, 526 N.Y.S.2d 506 (2d Dep't 1988) (removal of confidential files insufficient absent persistent pattern of disloyalty); *Sullivan & Cromwell LLP v. Charney*, 15 Misc. 3d 1128(A), 841 N.Y.S.2d 222 (Sup. Ct. N.Y. Cty. 2007); *Primiani v. Vintage 185, Inc.*, No. 18 Civ. 2237, 2019 U.S. Dist. LEXIS 20079, at *12 (E.D.N.Y. Feb. 6, 2019) (posting false online reviews insufficient); *Bravin v. Fashion Week, Inc.*, 73 Misc. 2d 974, 342 N.Y.S.2d 971 (Civ. Ct. Suffolk Cty. 1973) (insubordination, threats, and obscene writings insufficient).

These cases make clear that even serious misconduct does not constitute a breach of fiduciary duty absent allegations of self-dealing, diversion of business opportunities, competition with the employer, or other conduct directly adverse to the employer's economic interests. Here, Cao alleges none of these hallmarks of fiduciary misconduct. Her claim that Chamnankool discarded

payroll records and paid employees in cash does not implicate diverted opportunities, misused confidential information for personal gain, accepted kickbacks, or self-dealing. The absence of any such allegations is fatal to this portion of the fiduciary duty claim. Allegations of paying employees in cash or discarding wage records—even if accepted as true—do not state a plausible claim for breach of fiduciary duty under New York law. Accordingly, to the extent there is jurisdiction, the Court should dismiss this portion of the crossclaims pursuant to Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss Defendant Cao's crossclaims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). The crossclaims do not share a common nucleus of operative fact with Plaintiffs' FLSA and NYLL claims and fall squarely outside the scope of supplemental jurisdiction under 28 U.S.C. § 1367. In the alternative, to the extent the breach of fiduciary duty claim is premised solely on allegations that Chamnankool discarded wage records or paid employees in cash, that portion of the claim fails to state a cause of action and should be dismissed pursuant to Rule 12(b)(6). Accordingly, Chamnankool respectfully requests that the Court dismiss the crossclaims in their entirety, together with such other and further relief as the Court deems just and proper.

Dated: November 19, 2025
New York, New York

Respectfully submitted,

**BROWN KWON & LAM, LLP**

By: */s/ William Brown*

William Brown, Esq.
Angela Kwon, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
wbrown@bkllawyers.com
akwon@bkllawyers.com
*Attorneys for Defendant Suong Chamnankool*