UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Isidro de Jesus, Bulfrano Casarubia a/k/a Fano Casarrubias, Luis Cordova, and Eduardo Blanquel,

Plaintiffs,

v.

LAN CAO and SUONG CHAMNANKOOL,

Defendants.

Case No.: 1:24-cv-09901

**BRIEF IN OPPOSITION TO DEFENDANT SUONG CHAMNANKOOL'S MOTION TO DISMISS DEFENDANT LAN CAO'S CROSSCLAIMS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)**

**CARLTON FIELDS, P.A.**
730 Third Avenue, 19th Floor
New York, New York 10017
*Attorneys for Defendant*
*Lan Cao*

On the Brief:
Grace Pan, Esq.
Amrit P. Singh, Esq.
Simone Shuman, Esq.

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................ **1**

**STATEMENT OF FACTS** ........................................ **3**

**LEGAL ARGUMENT** ........................................ **5**

I. LEGAL STANDARD ........................................ 5

a. Federal Rules of Civil Procedure 12(b)(1) ........................................ 5

b. Federal Rules of Civil Procedure 12(b)(6) ........................................ 6

II. LEGAL ARGUMENT ........................................ 6

a. Defendant Lan Cao's Crossclaims Share a Common Nucleus of Operative Fact with Plaintiffs' FLSA and NYLL Claims, Both of Which Arise from Substantially Overlapping Facts ........................................ 6

b. The Court Has Supplemental Jurisdiction to Adjudicate Defendant Lan Cao's Crossclaims ........................................ 10

c. Defendant Lan Cao's Breach of Fiduciary Duty Claim Has Merit, Suong's Arguments as to Dismissal of Same Are Improper, and Therefore Cao's Claim Should Not be Dismissed per FRCP 12(b)(6) ........................................ 14

**CONCLUSION** ........................................ **17**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*360 N. Rodeo Drive LP v. Wells Fargo Bank, National Association*,
2023 WL 2574180 (S.D.N.Y. Mar. 20, 2023) ....................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................6, 15

*BLT Restaurant Group LLC v. Tourondel*,
855 F.Supp.2d 4 (2d Cir. 2012) ....................5, 7

*Chaluisan v. Simsmetal East LLC*,
698 F.Supp.2d 397 (S.D.N.Y. 2010) ....................11, 12, 13

*Contrera v. Langer*,
290 F.Supp.3d 269 (S.D.N.Y. 2018) ....................6

*In Touch Concepts v. Cellco P'ship*,
949 F.Supp. 2d 447 (S.D.N.Y. 2013) ....................5, 7

*Lawrence v. NYC Medical Practice, P.C.*
No. 1:18-cv-8649, 2019 WL 4194576 (S.D.N.Y. Sept. 3, 2019) ....................11, 12

*Mendez v. K&Y Peace Corp.*,
No. 16-cv-05562, 2019 WL 2223220 (S.D.N.Y. May 22, 2019) ....................7

*Northern Shipping Funds I, LLC v. Icon Capital Corp.*,

921 F.Supp.2d 94 (S.D.N.Y. 2013) ....................15

*Oliveras v. United States*,

371 F.Supp.3d 105 (S.D.N.Y. 2019)....................5

*Treglia v. Town of Manlius*,

313 F.3d 713 (2d Cir. 2002)....................9

*Turban v. Bar Giacosa Corp.*,

No. 19-cv-1138, 2019 WL 3495947 (S.D.N.Y. Aug. 1, 2019)....................5, 7, 9, 10

*United Mine Workers of Am. v. Gibbs*,

383 U.S. 715 (1966)....................11

**Statutes**

28 U.S.C. § 1367(a) ....................5

28 USC 1367(c) ....................10

**PRELIMINARY STATEMENT**

Defendant Lan Cao ("Cao") hereby submits this memorandum of law in opposition to Defendant Suong Chamnankool's ("Chamnankool") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In this Fair Labor Standards Act case, Plaintiffs Isidro de Jesus, Bulfrano Casarubia a/k/a Fano Casarrubias, Luis Cordova, and Eduardo Blanquel (collectively, the "Plaintiffs"), all former employees of LT & LT LLC d/b/a VCafé f/k/a Viet Café ("VCafé"), allege that they are entitled to "(i) compensation for wages paid at no less than the statutory minimum wage, (ii) unpaid wages for overtime work for which Plaintiffs did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA." ECF No. 24 at ¶ 1. The Plaintiffs assert that these actions were "willful and lacked a good faith basis," (*id.* at ¶¶ 64 and 66), and thereby violated (1) the New York Labor Law for failure to pay statutory minimum wages; (2) the FLSA for failure to pay overtime wages; (3) the New York Labor Law for failure to pay overtime wages; (4) the New York Labor Law for spread of hours; and (5) the New York Labor Law's Wage Theft Prevention Act.

Cao, who was the owner of the limited liability company, LT & LT LLC ("LT"), that owned VCafé, asserted crossclaims against Chamnankool, former manager of VCafé, for fraud, conversion, and breach of fiduciary duty. (*See* ECF No. 52). Cao asserts that Chamnankool failed to inform Cao "how many hours each and all employees including Plaintiffs worked beyond 40 hours each week," (*id.* at ¶ 19), "began fraudulently signing checks in Cao's name," (*id.* at ¶ 21), "began supplementing her own income with checks made out to cash that she signed in Cao's name without permission from Cao beforehand," (*id.* at ¶ 23), and "[p]rior to leaving on vacation Chamnankool unilaterally decided to clean house and throw out all records and receipts from VCafé that she had maintained since the end of 2017." *Id.* at ¶ 28.

Now, Chamnankool seeks to dismiss Cao's crossclaims against her, arguing that this Court does not have supplemental jurisdiction to adjudicate them and that Cao fails to state a claim for breach of fiduciary duty. Chamnankool claims that "the only potential thread linking the crossclaims to Plaintiffs' minimum wage and overtime claims is that both sets of allegations arise generally from the same workplace during the same period." Br. at 4. Chamnankool concedes that proving Plaintiffs' claims will require discovery into: "(i) the hours Plaintiffs worked; (ii) the wages they received; (iii) whether overtime premiums were paid; (iv) whether wage notices and statements were provided; and (v) who exercised operational control over the terms and conditions of Plaintiffs' employment." Br. at 6-7. Thus, Cao's crossclaims are premised on *how* Chamnankool ran the day-to-day operations of VCafé in Cao's absence during the relevant period and the circumstances surrounding such management that resulted in Plaintiffs allegedly not being paid the statutory minimum wage and any overtime wages. Critically, Cao has alleged that Chamnankool withdrew money from LT's bank account, which she used to pay cash to employees for their overtime worked, and also took some for herself from that account. *See* ECF No. 52, ¶¶ 22, 23. What money Chamnankool paid to employees for overtime, which is at the center of this dispute, and what money Chamnankool took for herself, are closely intertwined and share a common nucleus of fact.

In the alternative, Chamnankool seeks to dismiss Cao's breach of fiduciary duty claim under F.R.C.P. 12(b)(6) by arguing the merits of such claim, which is inappropriate at this juncture. The appropriate standard on a F.R.C.P. 12(b)(6) motion is to assess whether the "claim has facial plausibility" where the claim's "factual content [] allows the court to draw the reasonable inference that [Chamnankool] is liable for the misconduct alleged." Cao's crossclaims allege facts that

permit the Court to reasonably infer that Chamnankool mismanaged VCafé, misappropriated business funds, and thereby breached her fiduciary duty to Cao.

For these reasons, Chamnankool's Motion to Dismiss must be denied in its entirety.

## STATEMENT OF FACTS

On April 28, 2025, Plaintiffs, who were all employees of VCafé, filed an Amended Complaint under the FLSA demanding

> (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages for overtime work for which Plaintiffs did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 et seq., because the Defendants' violations were willful and lacked a good faith basis.

ECF No. 24 ("FAC") at ¶ 1. Plaintiffs' Complaint consists of four (4) counts: (1) violation of the New York Labor Law for failure to pay statutory minimum wages; (2) violation of the FLSA for failure to pay overtime wages; (3) violation of the New York Labor Law for failure to pay overtime wages; (4) violation of the New York Labor Law for spread of hours; and (5) violation of the New York Labor Law's Wage Theft Prevention Act. Specifically, Plaintiffs allege that they are entitled to "(i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages for overtime work for which Plaintiffs did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA." FAC at ¶ 1. The Plaintiffs assert that these allegations were "willful and lacked a good faith basis." *Id.* at ¶¶ 64 and 66.

On June 25, 2025, Cao filed a First Amended Answer and Affirmative Defenses with Crossclaims, generally denying the allegations in Plaintiffs' Complaint. *See* FAC. Cao also asserted crossclaims against Chamnankool, who served as the manager of VCafé, for fraud, conversion, breach of fiduciary duty, and common law indemnification. Specifically, Cao alleges that prior to her heart surgery towards the end of 2017, Cao and Chamnankool agreed that the latter

would take over running VCafé's day-to-day operations, including "(1) hiring and firing; (2) setting wages and schedules; (3) maintaining records; (4) managing and supervising all employees including Plaintiffs." ECF No. 52 at ¶ 14. In exchange, Cao and Chamnankool agreed that Chamnankool would receive a raise and "Chamnankool agreed to contact Cao weekly to inform her how many hours each employee worked so that Cao could process ADP statements." *Id.* at ¶ 15-16. Thereafter, Cao was not involved in the operation of VCafé, and Chamnankool maintained "all records, including tracking payment of overtime for each employee." *Id.* at ¶¶ 16 and 18. Chamnankool would use the money withdrawn from LT's account to pay vendors and employees for tips and overtime wages in cash. *Id.* at 22.

However, Chamnankool failed to inform Cao "how many hours each and all employees including Plaintiffs worked beyond 40 hours each week," (*id.* at ¶ 19), "began fraudulently signing checks in Cao's name," (*id.* at ¶ 21), "began supplementing her own income with checks made out to cash that she signed in Cao's name without permission from Cao beforehand," (*id.* at ¶ 23), and "[p]rior to leaving on vacation Chamnankool unilaterally decided to clean house and throw out all records and receipts from [VCafé] that she had maintained since the end of 2017." *Id.* at ¶ 28. As a result, Cao was compelled to close VCafé on March 22, 2025 "due to the disorganized state of the restaurant and its debts reaching upwards of $450,000." *Id.* at ¶ 30.

On November 19, 2025, Chamnankool filed the instant Motion to Dismiss Cao's crossclaims pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).

# LEGAL ARGUMENT

## I. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

28 U.S.C. § 1367(a) provides for supplemental jurisdiction over "'all other claims that are so related to claims in the action . . . that they form part of the same case or controversy.'" *Turban v. Bar Giacosa Corp.*, No. 19-cv-1138, 2019 WL 3495947, at *3 (S.D.N.Y. Aug. 1, 2019) (citation omitted). "The scope of supplemental jurisdiction . . . has traditionally been defined as claims that share a 'common nucleus of operative fact' with the underlying claim." *Id*. "At bottom, the supplemental jurisdiction inquiry rests on 'whether the facts underlying the federal and state claims substantially overlap[] . . . [or] the federal claim necessarily [brings] the facts underlying the state claim before the court." *Id*.

In resolving a motion to dismiss under Rule 12(b)(1), "the district court must take all uncontroverted facts in the complaint . . . as true and draw all reasonable inferences in favor of the party asserting jurisdiction." *Oliveras v. United States*, 371 F.Supp.3d 105, 109 (S.D.N.Y. 2019). Further, the Second Circuit has recognized that the 'common nucleus of operative fact' standard "does not require that the elements of the state-law claims must turn precisely on the same historical events as the federal claims," but that "a sufficient relationship will be found if the facts pertinent to the federal and state claims substantially overlap or if 'presentation of the federal claim necessarily [would bring] the facts underlying the state claim before the court.'" *BLT Restaurant Group LLC v. Tourondel*, 855 F.Supp.2d 4, 10 (2d Cir. 2012).

Notably, "federal courts adhere to the precept that subject matter jurisdiction is determined based on the circumstances **at the time of filing**." *In Touch Concepts v. Cellco P'ship*, 949 F. Supp. 2d 447, 462 (S.D.N.Y. 2013) (emphasis added).

### B. Federal Rule of Civil Procedure 12(b)(6)

"A defendant may move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) where the plaintiff 'fail[s] to state a claim upon which relief can be granted.'" *Contrera v. Langer*, 290 F.Supp.3d 269, 273-74 (S.D.N.Y. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court in *Iqbal* stated that

> [a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Id*. (quoting *Ashcroft*, 556 U.S. at 678) (emphasis added).

Furthermore, "on a motion to dismiss for failure to state a claim, a court's

> Consideration is limited to the factual allegations in [the complaint], which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[] had knowledge and relied on in bringing suit."

*Id*. (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)). "Documents that are attached to the complaint or incorporated into it by reference are deemed part of the pleading and are also considered by the court here." *360 N. Rodeo Drive LP v. Wells Fargo Bank, National Association*, 2023 WL 2574180, at *1 n. 2 (S.D.N.Y. Mar. 20, 2023) (citation omitted).

## II. LEGAL ARGUMENT

### A. Defendant Lan Cao's Crossclaims Share a Common Nucleus of Operative Fact with Plaintiffs' FLSA and NYLL Claims, Both of Which Arise from Substantially Overlapping Facts

Chamnankool argues that Cao's crossclaims do not share a common nucleus of operative fact with Plaintiffs' FLSA claim based on an improper standard for an F.R.C.P. 12(b)(1) motion to dismiss. Specifically, Chamnankool erroneously argues that the only link between Plaintiffs'

claims and Cao's crossclaims arise from "the same employment relationship" during "the same period." Br. at 4. However, the appropriate standard the Court must employ when considering a motion to dismiss under F.R.C.P. 12(b)(1) is whether the federal claim "necessarily [brings] the facts underlying the state claim before the court." *Turban*, 2019 WL 3495947, at *3. Based upon this standard, Chamnankool's motion to dismiss must be denied.

The Second Circuit has explicitly held that both federal and state law claims need not turn on the "same historical events," but that the facts of both claims must "substantially overlap." *BLT Restaurant Group LLC*, 855 F.Supp.2d at 10. An analysis of such underlying facts must be made based on the allegations contained within the pleading at issue "at the time of filing." *In Touch Concepts*, 949 F. Supp. 2d at 362 (S.D.N.Y. 2013).

*Mendez v. K&Y Peace Corp.*, No. 16-cv-05562, 2019 WL 2223220, at *1 (S.D.N.Y. May 22, 2019), demonstrates that a substantial overlap exists between Plaintiffs' and Cao's claims. The plaintiffs in *Mendez* asserted wage and hour claims under the FLSA and NYLL, as do plaintiffs in this case. A defendant filed an answer and cross-claim, alleging that she was never an owner of defendant K&Y Peace Corp. because another defendant defrauded her into investing in the company. *Id*. at *1. The cross-claim defendant moved to dismiss, arguing a lack of supplemental jurisdiction. Even though the court had previously dismissed the federal claims against the crossclaim plaintiff, the *Mendez* court denied the motion and held that the cross claims "shared a nucleus of fact with the wage and hour claims at the time of filing." *Id*. The court added that where the "[p]laintiffs alleged that [d]efendant [] was liable for their FLSA claims because she was an owner with control over K&Y Peace Corp.," [d]efendant's] [] defense was that she was not in fact an owner or operator due to the [co-defendants'] fraud." *Id*. This overlap, the court held, "gave the court supplemental jurisdiction." *Id*.

Here, Plaintiffs' FLSA claim necessarily brings to the Court facts that underlie Cao's crossclaims. Each Plaintiff alleges that they were paid for only "40 hours of work each work week, regardless of the exact number of hours worked in a given week" in violation of the FLSA, NYLL, and New York State Department of Labor regulations. FAC at ¶¶ 28, 39, 50, 60. The Plaintiffs also allege that they "received no accurate and sufficient pay stubs or wage statements," (*id*. at ¶¶ 29, 40, 51, 61, 62) and that they received their wages "partially in check, and partially in cash." *Id*. at ¶¶ 38, 49, 59. The Plaintiffs assert that these allegations were all "willful and lacked a good faith basis." *Id*. at ¶¶ 64 and 66.

As to her crossclaims, Cao asserts that she ceased being the manager of VCafé in 2017 due to open-heart surgery and that Chamnankool took over running the day-to-day operation of VCafé. Crossclaims at ¶14. Part of Chamnankool's duties included paying Plaintiffs for overtime wages. *Id*. at ¶17. However, Chamnankool cashed checks from VCafé's bank accounts to pay Plaintiffs' overtime wages, and forged Cao's name on the signature line instead of signing her own. *Id*. at ¶¶ 17, 21-22. Cao alleges that Chamnankool used a portion of the money she withdrew from LT's account to pay employees for overtime and used other portions of the money to keep for herself. *Id*. at 22, 23.

As Chamnankool concedes, to prove these claims will require discovery into: "(i) the hours Plaintiffs worked; (ii) the wages they received; (iii) whether overtime premiums were paid; (iv) whether wage notices and statements were provided; and (v) who exercised operational control over the terms and conditions of Plaintiffs' employment." Br. at 6-7. This discovery will undoubtedly bring to the Court the facts that Chamnankool ran the day-to-day operations of VCafé in Cao's absence and that Chamnankool forged business checks in Cao's name during all relevant times – funds which were derived from the same bank account from which Plaintiffs were to be

paid their wages, partially by check, as Plaintiffs concede. *See* Crossclaims at ¶ 14-15. How overtime was paid, whether Plaintiffs initially signed receipts, and what Chamnankool did with the cashed checks will undoubtedly cross the Court following the exchange of discovery in the categories described by Chamnankool above. Thus, Cao's crossclaims are not premised on *how* Chamnankool ran the day-to-day operations of VCafé in Cao's absence during the relevant period and the circumstances surrounding such management that resulted in Plaintiffs allegedly not being paid the statutory minimum wage and any overtime wages. These Crossclaims, and Plaintiffs' claims, derive from a common nucleus of fact. *See Treglia v. Town of Manlius,* 313 F.3d 713, 723 (2d Cir. 2002) (finding the exercise of supplemental jurisdiction proper where plaintiff's state and federal claims arose out of "approximately the same set of events"). Furthermore, Cao alleges that she ceased running the restaurant in 2017. Crossclaims at ¶14. The fact that the weekly checks allegedly used to pay Plaintiffs' overtime were forged in Cao's name suggests she was an active manager who was involved in Plaintiffs' employment. Therefore, who actually signed the checks, and what was done with the money, and Cao's daily involvement with VCafe employees will require this Court's determination while adjudicating the merits of Plaintiffs' claims.

Similarly, in *Turban v. Bar Giacosa Corp.*, the defendant employers asserted counterclaims against the plaintiff for breach of fiduciary duty, among other things. *See* No. 19-cv-1138, 2019 WL 3495947, at *1 (E.D.N.Y. June 3, 2022). The *Turban* defendant employers alleged in their counterclaims that the plaintiff "breached his fiduciary duties to [d]efendants by misappropriating tips, padding his hours, and assaulting a fellow employee." *Id.* In denying the motion to dismiss as to the breach of fiduciary claim, the court held that it maintained supplemental jurisdiction over the defendants' fiduciary duty counterclaim as "employers have a duty under the FLSA to maintain adequate records of hours worked." *Id.* at *4. Thus, "[t]he existence and accuracy of such records

will be at issue in the litigation, providing an important factual overlap between Turban's original claims and [d]efendants' allegations that Turban padded his hours." *Id.* Just like the *Turban* Court, the existence, accuracy of, and maintenance of VCafé's records by Chamnankool will be at issue when resolving Plaintiffs' claims and provide an undeniable factual overlap between the FAC and Cao's Crossclaims.

Chamnankool's secondary argument that Cao's breach of fiduciary duty claim must be dismissed is also without merit because Chamnankool employs the same incorrect standard. The Court's focus is not on *who* was effectively harmed by the facts asserted in Cao's crossclaims, and Chamnankool fails to cite to any authorities supporting this incorrect proposition. Indeed, a crossclaim will always allege harm to the crossclaim defendant, not some other party. Rather, the Court's focus is on whether the facts underlying the Plaintiffs' FLSA claim will necessarily bring forth facts underlying Cao's crossclaims before it. As Chamnankool's fraudulent actions may have caused the alleged "compensation for wages paid at less than the statutory minimum wage" and "unpaid wages for overtime work for which Plaintiffs did not receive overtime premium pay," (FAC at ¶ 1), the Court has supplemental jurisdiction to adjudicate the breach of fiduciary duty claim and Chamnankool's motion to dismiss must be denied.

### B. The Court Has Supplemental Jurisdiction to Adjudicate Defendant Lan Cao's Crossclaims

Chamnankool alternatively argues that the Court should exercise its discretion to refuse supplemental jurisdiction over Cao's crossclaims under 28 USC 1367(c). However, each of the reasons articulated by Chamnankool fail to justifiably explain why the Court should decline supplemental jurisdiction over Cao's claims.

> Under Section 1367(c), district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – (1) the claim raises a novel or complex issue of State law; (2) the claim

> substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Chaluisan v. Simsmetal East LLC*, 698 F.Supp.2d 397, 401 (S.D.N.Y. 2010).

Even if one of the above factors is applicable, "a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966): economy, convenience, fairness, and comity." *Id.*

First, Chamnankool argues that Cao's crossclaims require the Court to evaluate "novel and complex issues of state business law," which require different proofs than that of the Plaintiffs' FLSA claim. In support of this argument, Chamnankool relies upon the case *Lawrence v. NYC Medical Practice, P.C.* No. 1:18-cv-8649, 2019 WL 4194576, at *6 (S.D.N.Y. Sept. 3, 2019). However, in *Lawrence*, the court dismissed the defendants' counterclaims because the plaintiffs' FLSA claim and the defendants' counterclaims based upon the breach of an employment agreement which "focus[ed] on different time periods;" the former arising during the plaintiffs' employment and the latter arising after the plaintiffs left their employer. *See id*. 1. That is not the case here, where the facts underlying both the federal and state law claims encompass the same time period – during Plaintiffs' employment with VCafé and whilst Chamnankool served as manager of same. The court in *Lawrence* also distinguished that "[t]he facts giving rise to the [p]laintiffs' claims are related to the conditions of their employment while they worked for the [d]efendants," which "flow[ed] from the [d]efendants' payment, timekeeping, and overtime policies, as well as . . . whether the [d]efendants reduced their employment agreement to writing." *Id*. at *6. By comparison, the [d]efendants' counterclaim in *Lawrence* "focus[ed] on conduct that

allegedly took place after two of the plaintiffs stopped working" for the plaintiffs' practice. *Id*. However, in the case at bar, Plaintiffs' FLSA claim will necessarily implicate *how* Chamnankool ran the day-to-day operations of VCafé in Cao's absence during the relevant period and the circumstances surrounding such management that resulted in Plaintiffs allegedly not being paid the statutory minimum wage and any overtime wages.

Second, Chamnankool argues that Cao's crossclaims would substantially predominate over the Plaintiffs' FLSA claim, relying upon Cao's discovery demands to imply that Plaintiffs' claims and Cao's state law claims require different proofs. However, Chamnankool relies on an inappropriate standard for an F.R.C.P. 12(b)(1) motion and the Court must only rely upon the facts asserted by Cao's crossclaims at the time of its filing. Nor does Chamnankool cite to any proposition that permits Courts to consider discovery demands, or any external evidence outside of the pleadings, to seek dismissal of Cao's crossclaims.

Third, Chamnankool argues that permitting Cao's crossclaims would disrupt judicial economy by "transform[ing] a routine wage-and-hour action into a multi-faceted business dispute." Br. at 9. However, litigation of Plaintiffs' FLSA claim contemporaneous with Cao's crossclaims would *promote* judicial economy. In *Chaluisan v. Simsmetal East LLC*, the plaintiff sued the defendants under the FLSA for failure to pay overtime compensation and for state law claims for breach of contract and unjust enrichment relating to the defendants' failure to pay vacation pay and a non-discretionary bonus. *See* 698 F.Supp.2d 397, 399 (S.D.N.Y. 2010). The defendants moved to dismiss the state law claims under FRCP 12(b)(1), arguing that they were not sufficiently related to the FLSA claim. *Id*. Like Chamnankool, the defendants in *Chaluisan* also argued that the only connection between the plaintiff's common law claims and the FLSA claim was the employment relationship. *Id*. at 401. However, the court held that it had subject matter

jurisdiction to adjudicate the common law claims where "[r]esolution of [p]laintiff's FLSA claim will thus require a searching examination of the circumstances of his employment, including his duties and managerial responsibilities, and his compensation." *Id.* at 402. The court added that the "[d]ocumentary evidence and testimony from [p]laintiff's co-workers and supervisors regarding these matters will be necessary" and "[r]esolution of [p]laintiff's state and federal claims is also likely to require testimony from the same witnesses." *Id.* at 403. In short, "[t]he fact that [p]laintiff's FLSA and state common law claims [involved] similar witnesses and evidence provides a strong rationale for exercising supplemental jurisdiction over [p]laintiff's state common law claims." *Id.* "When similar evidence and witnesses will be required to adjudicate state and federal claims, principles of judicial economy dictate that 'trying the state law claims in state court and the FLSA claim in federal court would require duplication of efforts and . . . would be a waste of judicial resources . . ." *Id.*

Here, resolution of the Plaintiffs' FLSA claim will necessarily reveal the facts underlying Chamnankool's management of VCafé, whether she satisfied her managerial responsibilities in paying Plaintiffs their appropriate wages, the funds Chamnankool withdrew from the restaurant's bank account for herself via the forged checks she had written in Cao's name, and Cao's own defense to Plaintiffs' claims will require a determination of whether Chamnankool forged Cao's name when writing out checks to pay for employee overtime. The Plaintiffs' FLSA claim and Cao's crossclaims will require similar documentary evidence in the form of payment receipts and documents tracking hours worked, and testimony from the same witnesses, i.e. Plaintiffs and Chamnankool. Thus, as the court held in *Chaluisan*, principles of judicial economy dictate that trying Plaintiffs' FLSA claim along with Cao's state law claims would avoid duplication of efforts

and wastage of judicial resources. This factor alone suggests that the Court should not exercise its discretion in declining subject matter jurisdiction.

Finally, Chamnankool argues that trying Plaintiffs' FLSA claim alongside Cao's crossclaims would confuse a jury due to the "intermixing [of] unrelated evidence." Br. at 9. However, as Chamnankool averred, to prove Plaintiffs' claims will require discovery into: "(i) the hours Plaintiffs worked; (ii) the wages they received; (iii) whether overtime premiums were paid; (iv) whether wage notices and statements were provided; and (v) who exercised operational control over the terms and conditions of Plaintiffs' employment." Id. at 6-7. This discovery will undoubtedly implicate and uncover Chamnankool's actions taken during her tenure in running the day-to-day operation of VCafé and therefore, her fraudulent conduct, conversion of the business's resources, and breach of fiduciary duty to Cao. Accordingly, this Court has supplementary jurisdiction to adjudicate Cao's crossclaims and Chamnankool's Motion must be denied.

### C. Defendant Lan Cao's Breach of Fiduciary Duty Claim Has Merit, Suong's Arguments as to Dismissal of Same Are Improper, and Therefore Cao's Claim Should Not be Dismissed per FRCP 12(b)(6)

In the alternative, Chamnankool seeks to dismiss Cao's breach of fiduciary duty claim under F.R.C.P. 12(b)(6) by arguing the merits of such claim, which is inappropriate at this juncture. As an initial matter, Chamnankool improperly raises this argument for the first time in her memorandum of law. Pursuant to 6.A of this Court's Individual Rules and Practices in Civil Cases, a party seeking to file a motion must submit a pre-motion letter summarizing the basis for the anticipated motion. While Chamnankool did submit a pre-motion letter, and sought dismissal of Cao's indemnification claim under 12(b)(6), the letter is silent as to a 12(b)(6) argument regarding Cao's breach of fiduciary duty claim. EFC No. 63. For this reason alone, Chamnankool's motion should be denied.

The appropriate standard on a F.R.C.P. 12(b)(6) motion in interpreting the viability of Cao's breach of fiduciary duty claim is to assess whether the "claim has facial plausibility" where the crossclaims plead "factual content that allows the court to draw the reasonable inference that [Chamnankool] is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, to survive a FRCP 12(b)(6) motion, Cao's allegations must show that the breach of fiduciary claim has "facial plausibility," or enough "factual content . . . to draw the reasonable inference that [Chamnankool] is liable for the misconduct alleged." *Id.*

"Under New York law, the elements of a cause of action for breach of fiduciary duty are: (i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." *Northern Shipping Funds I, LLC v. Icon Capital Corp.*, 921 F.Supp.2d 94, 101 (S.D.N.Y. 2013). A fiduciary relationship "exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Id.* An agency relationship can give rise to a fiduciary relationship where "the alleged fiduciary occup[ied] a position of trust or special confidence with regard to [the plaintiff] that imposed obligations beyond the express agreements." *Id.* at 103.

Here, Cao's crossclaims allege that "towards the end of 2017 Cao and Chamnankool agreed that Chamnankool would take over running VCafé;s day-to-day operation which included duties such as: (1) hiring and firing; (2) setting wages and schedules; (3) maintaining records; (4) managing and supervising all employees including Plaintiffs." ECF No. 54 at ¶ 14. "Chamnankool agreed to contact Cao weekly to inform her how many hours each employee worked so that Cao could process ADP statements. Otherwise, Cao had no other involvement in running the restaurant

after her heart surgery." *Id.* at ¶ 16. Thus, Chamnankool was in a position of trust and special confidence where Cao delegated additional responsibilities to Chamnankool in the operation and management of VCafé, thereby giving facial plausibility to the first element of a breach of fiduciary duty claim.

The second element of the breach of fiduciary duty claim also has facial plausibility per Cao's crossclaims, which alleges that "[u]pon Chamnankool's takeover of VCafé, Chamnankool began fraudulently signing checks in Cao's name," and "Chamnankool began supplementing her own income with checks made out to cash that she signed in Cao's name without permission from Cao beforehand." *Id.* at ¶¶ 21 and 23. Cao even alleges that Chamnankool "signed Cao's name on the checks during the period when she was not an authorized signatory on LT's bank account." *Id.* at ¶ 36. The resulting damages from such breach of fiduciary duty, giving facial plausibility to the third element of a breach of fiduciary duty claim, is conveyed by Cao's allegations that "[p]rior to leaving on vacation Chamnankool unilaterally decided to clean house and throw out all records and receipts from VCafé that she had maintained since the end of 2017," which resulted in Cao's involuntary closure of VCafé on March 22, 2024 "due to the disorganized state of the restaurant and its debts reaching upwards of $450,000." *Id.* at ¶¶ 28 and 30. Thus, considering Cao's allegations as true, her breach of fiduciary duty claim has facial plausibility that would allow this Court to draw a reasonable inference that Chamnankool is liable for the misconduct alleged, and the Court must thereby deny Chamnankool's Motion.

Chamnankool argues that a breach of fiduciary duty claim is evaluated under New York's faithless servant doctrine so that employees owe a duty of good faith and loyalty to an employer which is triggered when the employee acts directly against the employer's interests. Br. at 10. Chamnankool also argues that the faithless servant doctrine is only available in contexts such as

embezzlement, improper competition, or usurping business opportunities, necessitating that the employee engaged in self-dealing among other acts of disloyalty. *Id.*

What Chamnankool fails to realize is that conversion is the civil equivalent of criminal embezzlement. Cao plausibly alleges the elements of her conversion claim and incorporates all the facts alleged in the conversion claim in the breach of fiduciary duty claim. It could not be clearer that Cao plausibly alleges Chamnankool's self-dealing and disloyalty as Chamnankool's conduct was directly adverse to Cao's economic interests and is likely the reason Cao was sued by Plaintiffs. Thus, the Court should retain supplemental jurisdiction over Cao's breach of fiduciary duty claim and dismiss the 12(b)(6) portion of Chamnankool's motion.

## CONCLUSION

For all of the foregoing reasons, Defendant Lan Cao respectfully requests that this Court DENY Defendant Suong Chamnankool's Motion to Dismiss in its entirety.

**CARLTON FIELDS P.A.**
*Attorneys for Defendant*
*Lan Cao*

By: */s/ Amrit P. Singh*
Amrit P. Singh, Esq.

Dated: December 8, 2025

**CERTIFICATION OF ATTORNEY OF COMPLIANCE WITH WORD-COUNT LIMITATIONS**

Defendant Lao Cao's Opposition to Defendant Suong Chamnankool's Motion to Dismiss Defendant Lao Cao's Crossclaims Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) complies with the word-count limitations as delineated within United States District Judge John P. Cronan's Individual Rules and Practices in Civil Cases Rule 2(B).

*/s/ Amrit P. Singh*
Amrit P. Singh, Esq.

Dated: December 8, 2025