**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ISIDRO DE JESUS, BULFRANO CASARUBIA a/k/a FANO CASARRUBIAS, LUIS CORDOVA, and EDUARDO BLANQUEL,

Plaintiffs,

- v -

LAN CAO, and SUONG CHAMNANKOOL,

Defendants.

Case No.: 1:24-cv-09901 (JPC)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF SUPPORT OF DEFENDANT SUONG CHAMNANKOOL'S MOTION TO DISMISS DEFENDANT LAN CAO'S CROSSCLAIMS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)**

**BROWN KWON & LAM, LLP**
William Brown, Esq.
Angela Kwon, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
wbrown@bkllawyers.com
akwon@bkllawyers.com
*Attorneys for Defendant Suong Chamnankool*

## I. INTRODUCTION

Defendant Suong Chamnankool moves to dismiss the three remaining state common-law cross-claims asserted against her by Defendant Lan Cao pursuant to Federal Rule of Civil Procedure 12(b)(1) on the ground that the Court lacks supplemental jurisdiction over those claims. In the alternative, Chamnankool moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the narrow portion of Cao's breach of fiduciary duty claim premised on the payment of cash wages or the destruction of records, to the extent the Court concludes that supplemental jurisdiction exists.

Cao's opposition fails to cure the jurisdictional deficiencies identified in Chamnankool's motion. Cao does not identify any portion of her cross-claims that derives from the same operative facts as Plaintiffs' federal wage-and-hour claims. Plaintiffs' FLSA and NYLL claims concern the hours they worked, the wages they were paid, and Defendants' compliance with statutory wage obligations. Cao's cross-claims, by contrast, concern alleged financial misconduct by Chamnankool and internal business disputes allegedly harming Cao as an owner. Superficial overlap in workplace context or time period is insufficient to establish supplemental jurisdiction under § 1367(a). Cao's attempt to equate background factual overlap with operative-fact overlap misstates the governing law, and the cases on which Cao relies do not support her position.

Moreover, even if § 1367(a) were satisfied, the discretionary factors under § 1367(c), including predominance, jury confusion, and judicial economy, overwhelmingly favor dismissal, as Cao's cross-claims would require a finder of fact to consider evidence and testimony entirely unrelated to Plaintiffs' wage claims and would open the door to extensive additional unrelated discovery.

Finally, Cao mischaracterizes the scope of this Rule 12(b)(6) motion and does not meaningfully address it. Chamnankool moved only to dismiss the limited portion of the breach of

fiduciary duty claim premised on discarding records and paying employees in cash. Cao's opposition does not explain how those allegations constitute fiduciary misconduct under New York law, instead pivoting to conversion-based theories that Chamnankool did not challenge under Rule 12(b)(6). That failure independently warrants dismissal of that portion of the claim.

## II. CAO FAILS TO ESTABLISH SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367(A)

Cao bears the burden of establishing that her cross-claims derive from a "common nucleus of operative fact" with Plaintiffs' FLSA and NYLL claims. She has not met that burden. Plaintiffs' claims concern the hours they worked, the wages they were paid, and Defendants' compliance with statutory wage obligations. Cao's cross-claims, by contrast, concern Chamnankool's alleged financial misconduct and internal business practices allegedly harming Cao as an owner. The operative facts necessary to resolve these two sets of claims do not substantially overlap, and resolution of Plaintiffs' wage-and-hour claims will not necessarily bring before the Court the facts underlying Cao's state-law claims.

Cao's opposition attempts to manufacture jurisdiction by pointing to superficial overlap in workplace context, time period, and payroll practices. But as courts in this Circuit have repeatedly held, background factual overlap is insufficient to support supplemental jurisdiction. The relevant inquiry under § 1367(a) is whether the facts necessary to establish liability on the state-law claims substantially overlap with those necessary to establish liability under the FLSA. *See Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006). Cao never explains how proving Plaintiffs' hours worked or wages paid will require adjudication of whether Chamnankool forged checks, misappropriated funds, breached duties allegedly owed to Cao as an owner, or otherwise engaged in internal business misconduct.

Instead, Cao asserts in conclusory fashion that discovery related to the cross-claims will reveal that "Chamnankool ran the day-to-day operations of VCafe in Cao's absence and that Chamnankool forged business checks in Cao's name during all relevant times—funds which were derived from the same bank account from which Plaintiffs were to be paid their wages, partially by check, as Plaintiffs concede." This argument fails for multiple reasons. First, Cao's alleged status as an employer is at most collateral to her cross-claims, which do not turn on employer status as an element, and resolution of those claims does not require proof beyond the facts already relevant to Plaintiffs' underlying wage-and-hour claims. Second, Cao's reliance on the fact that the alleged fraud involved the same bank account from which wages were paid underscores just how tenuous the asserted connection is between Plaintiffs' wage-and-hour claims and Cao's cross-claims for common-law fraud, conversion, and breach of fiduciary duty. Indeed, Cao's opposition never identifies a single element of Plaintiffs' FLSA claims that would turn on proof of the alleged forgery, misappropriation, or internal financial disputes she raises in her cross-claims.

Moreover, Cao misstates her own pleadings. In her opposition, Cao asserts that the cross-claims allege that Chamnankool forged the paychecks used to pay Plaintiffs' overtime wages. (Opp. Mem. at 9). That is not what the cross-claims allege. Rather, the cross-claims state that employees were paid through an ADP account administered by Cao (Cross-Claims ¶ 16), and that overtime payments were provided to employees in cash (Cross-Claims ¶¶ 17, 22). The cross-claims further allege that checks were used to "pay vendors and to reimburse employees as business required." (Id.) There is thus little, if any, factual nexus between allegations that a manager wrote fraudulent checks to herself from a general business account used for a variety of expenses, including vendor payments, and Plaintiffs' claims for unpaid overtime.

The cases on which Cao relies are readily distinguishable. In *Mendez v. K&Y Peace Corp.*, No. 16 Civ. 05562, 2019 U.S. Dist. LEXIS 87138 (S.D.N.Y. May 22, 2019), the defendant asserted cross-claims alleging that she was never an owner of the restaurant, and thus not an employer under the FLSA and NYLL, because she had been defrauded into investing in the business. The cross-claims therefore involved a dispute over employer status, an issue directly relevant to FLSA liability. Cao's cross-claims here, by contrast, involve alleged business torts committed by a manager against an owner that are immaterial to Plaintiffs' wage claims. Notably, after the plaintiffs' claims against the cross-claimant were dismissed in *Mendez*, the court bifurcated the wage claims and cross-claims pursuant to Rule 42 and exercised jurisdiction under § 1367(c) only because discovery was complete and the case was trial-ready; circumstances not present here. *Id.* at *7.

Similarly, in *Turban v. Bar Giocosa Corp.*, No. 19 Civ. 1138, 2019 U.S. Dist. LEXIS 128832 (S.D.N.Y. Aug. 1, 2019), the court exercised supplemental jurisdiction over a fiduciary-duty counterclaim solely because the employee was alleged to have padded his hours, an allegation that turned on the same operative fact central to the FLSA claim: the number of hours actually worked. No such allegation exists here. Cao does not allege that Plaintiffs' hours were falsified or inflated, nor that Chamnankool manipulated time records to obtain unauthorized compensation tied to hours worked.

Cao's also improperly connects this matter to *Chaluisan v. Simsmetal East LLC*, 698 F.Supp.2d 397, 399 (S.D.N.Y. 2010), as the holding in *Chalusian* is entirely inapplicable. There, the court exercised supplemental jurisdiction over the plaintiff's breach of contract and unjust enrichment claims, which were brought by the plaintiff concurrently with the his FLSA overtime claim. The court determined that the plaintiff's state-law claims concerning unpaid bonuses and

vacation time shared a common nucleus of operative fact with his overtime claim because the inquiry of whether the plaintiff was an exempt employee "will require a fact intensive inquiry concerning Plaintiff's duties and compensation." *Id.* at 42. The court further found that "because Plaintiff's right to vested vacation pay and bonus appears to be related to the number of days/hours he worked, the number of vacation days he was entitled to, and the number of vacation days he used before his termination, consideration of these claims will require examination of the same employment records called for by his FLSA claim." *Id.* at 43. By contrast, Cao's cross-claims do not concern Plaintiffs' compensation terms or classification; they concern questions of whether a manager, who is not a plaintiff in this case, was misappropriating funds from the business. Thus, adjudication of that dispute will not shed light on any pay practices concerning plaintiff.

Finally, Cao's opposition never meaningfully addresses the substantial body of authority, cited at length in Defendant Chamnankool's memorandum, holding that employer cross-claims in FLSA actions fall outside the Court's supplemental jurisdiction where they turn on an entirely different set of evidence and require distinct factual and legal analysis. The only case Cao attempts to distinguish is *Lawrence v. NYC Med. Practice, P.C.* which Chamnankool cites in passing for the proposition that courts should decline supplemental jurisdiction to "avoid needless decisions of state law" by federal courts. *See* No. 18 Civ. 8649, 2019 U.S. Dist. LEXIS 150408, at *23 (S.D.N.Y. Sep. 3, 2019). Cao fails to address the multiple cases cited in the memorandum of law in support where the court declined to exercise supplemental jurisdiction and where the facts closely mirrored those here. *See, e.g.*, *Laracuente v. Major Otis LLC*, No. 15 Civ. 155, 2016 U.S. Dist. LEXIS 64878 (E.D.N.Y. May 17, 2016) (declining to exercise supplemental jurisdiction over defendants' state-law counterclaims for breach of contract, breach of the duty of loyalty, misappropriation of proprietary information, unfair competition and breach of a loan agreement);

*Mori v. E1 Asset Management, Inc.*, 15 Civ. 1991, 2016 U.S. Dist. LEXIS 27911 (S.D.N.Y. Jan. 28, 2016) (declining to exercise supplemental jurisdiction over breach of duty counterclaim in FLSA suit); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 467-68 (S.D.N.Y. 2012) (declining to exercise supplemental jurisdiction over faithless servant counterclaim in FLSA suit – holding that "claims were not part of the same case or controversy where state law claims 'involve[d] different rights, different interests, and different underlying facts' than the federal law claims."). Cao does not attempt to distinguish these cases, explain why their reasoning should not apply here, or articulate any principled basis for departing from this consistent line of authority. Her failure to grapple with this precedent underscores the absence of supplemental jurisdiction under § 1367(a).

Accordingly, Cao has failed to establish that her cross-claims derive from a common nucleus of operative fact with Plaintiffs' FLSA claims, and supplemental jurisdiction is lacking.

## III. EVEN IF § 1367(A) WERE SATISFIED THE COURT SHOULD STILL DECLINE SUPPLEMENTAL JURISDICTION UNDER § 1367(C)

Even assuming, *arguendo*, that Cao could satisfy § 1367(a), the Court should decline to exercise supplemental jurisdiction under § 1367(c). Under § 1367(c) a district court can decline jurisdiction where, among other circumstances, state-law claims substantially predominate over the federal claims, raise novel or complex issues of state law, or where other compelling reasons, such as the risk of jury confusion or considerations of judicial economy, counsel against retaining jurisdiction. Each of those factors is present here.

Cao's cross-claims would substantially predominate over Plaintiffs' wage-and-hour claims. Adjudicating Cao's fraud, conversion, and fiduciary-duty claims would require extensive inquiry into VCafe's transaction history and bank activity, alleged forged checks, and Chamnankool's personal finances. Those issues bear no relation whatsoever to the narrow questions presented by

Plaintiffs' FLSA and NYLL claims; namely, hours worked, wages paid, and compliance with statutory wage obligations. Trying these claims together would inject a sprawling business-tort case into what is otherwise a straightforward wage-and-hour action, creating a substantial risk of jury confusion and inefficiency.

Cao's opposition underscores this point. Although she now urges the Court to disregard her own litigation conduct as "outside the pleadings," Cao served Defendant Chamnankool with discovery demands seeking years of personal and financial records, including tax returns, bank statements, credit-card records, utility bills, medical payments, and other materials wholly unrelated to Plaintiffs' wage claims. These demands reveal the scope of evidence Cao believes is necessary to prove her cross-claims and confirm that those claims would require proof far afield from the evidence relevant to Plaintiffs' FLSA claims. Cao cannot simultaneously insist that her cross-claims are closely tied to Plaintiffs' wage claims while asking the Court to ignore the very conduct that demonstrates their divergence.

Finally, as discovery relating to Plaintiffs' wage-and-hour claims is nearing completion, judicial economy would not be served by retaining state-law cross-claims that would require additional, wide-ranging discovery into matters unrelated to Plaintiffs' compensation.

Accordingly, even if the Court were to conclude that § 1367(a) is satisfied, the discretionary factors set forth in § 1367(c) independently compel dismissal of Cao's cross-claims.

## IV. IN THE ALTERNATIVE, THE LIMITED PORTIONS OF THE BREACH OF FIDUCIARY DUTY CLAIM FAILS UNDER RULE 12(B)(6)

Cao's opposition mischaracterizes the scope of Defendant Chamnankool's Rule 12(b)(6) motion. Chamnankool does not seek dismissal of the breach of fiduciary duty claim in its entirety, nor does she dispute that allegations of conversion or misappropriation, if properly pled, could support a fiduciary-duty theory under New York law. Rather, Chamnankool's Rule 12(b)(6)

argument is narrowly directed to the portion of Cao's fiduciary-duty claim premised on allegations that Chamnankool discarded wage-and-hour records, paid employees in cash, or failed to report overtime hours.

Under New York law, a breach of fiduciary duty arising from an employment or managerial relationship is evaluated under the faithless servant doctrine, which requires allegations of intentional disloyalty or self-dealing, such as embezzlement, improper competition, diversion of business opportunities, or secret profit at the employer's expense. *See Veritas Capital Mgmt., L.L.C. v. Campbell*, 82 A.D.3d 529, 530, 918 N.Y.S.2d 448 (1st Dep't 2011). As set forth in Chamnankool's memorandum of law in support, courts repeatedly hold that allegations of poor management, negligent recordkeeping, or internal payroll practices do not satisfy that standard. (See Mem. of Law in Supp. at 11). The conduct challenged here—discarding records, paying employees in cash, or failing to report overtime—does not allege self-dealing, personal enrichment, or conduct undertaken for Chamnankool's own benefit. Even if accepted as true, those allegations sound at most in mismanagement or negligence and therefore do not constitute fiduciary misconduct as a matter of law.

Cao's opposition does not meaningfully defend this narrow theory. Instead, Cao pivots to arguing that conversion is the civil equivalent of embezzlement and thus sufficient to support a fiduciary-duty claim. Defendant Chamnankool did not move to dismiss the conversion-based allegations under Rule 12(b)(6). Cao offers no authority—and no analysis—explaining how the specific conduct challenged here satisfies the elements of a fiduciary-duty claim. Her failure to address the theory actually at issue confirms that, even if the Court were to reach the merits, the portion of the fiduciary-duty claim premised on record disposal and cash payments fails as a matter of law and should be dismissed pursuant to Rule 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss Cao's cross-claims for lack of supplemental jurisdiction pursuant to Rule 12(b)(1). In the alternative, the limited portion of the breach of fiduciary duty claim premised on record disposal and cash payments fails to state a claim as a matter of law and should be dismissed pursuant to Rule 12(b)(6). The Court should grant such other and further relief as it deems just and proper.

Dated: December 23, 2025
New York, New York

Respectfully submitted,

**BROWN KWON & LAM, LLP**

By: *<u>/s/ William Brown</u>*

William Brown, Esq.
Angela Kwon, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
wbrown@bkllawyers.com
akwon@bkllawyers.com
*Attorneys for Defendant Suong Chamnankool*