ATTORNEYS AT LAW

CARLTON FIELDS

730 Third Avenue | 19th Floor
New York, New York 10017
212.785.2577 | fax 212.785.5203
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
Minneapolis
**New York**
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

Grace Pan
Shareholder
212.380.9633 Direct Dial
gpan@carltonfields.com

December 29, 2025

**VIA ECF**
The Honorable John P. Cronan, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

**Re: Isidro De Jesus, et als. v. Lan Cao, et als.**
**Case No. 1:24-cv-09901**

Dear Judge Cronan:

This office represents Defendant Lan Cao ("Defendant Cao") in the above-referenced matter. Please accept this letter as Defendant Cao's response in opposition to Defendant Suong Chamnankool's ("Defendant Chamnankool") discovery dispute letter concerning Defendant Cao's document production, dated December 24, 2025.

Briefly, the discovery dispute at issue centers upon Defendant Chamnankool's discovery request, Supplemental Request No. 9, seeking "[a]ll telephone records, call logs, or billing statements reflecting calls, whether incoming or outgoing, between [Defendant Cao] and the VCafé's main telephone line, for the period from December 1, 2018 through March 22, 2024." However, Defendant Chamnankool's discovery request is irrelevant because telephone records, call logs, or billing statements will only convey dates, times, and durations of calls made to and received from VCafé, but will not reveal the contents of the conversations held therein. Thus, such evidence is simply incapable of showing that Defendant Lan Cao "exercise[d] control over business and employment matters by regularly communicating via telephone with Chamnankool and other VCafe employees using the restaurant's main telephone line." Accordingly, the Court must deny Defendant Chamankool's request for an Order compelling Defendant Cao's response to Supplemental Request No. 9, in line with other decisions from this Court rejecting discovery of such form.

## I. Legal Analysis

> [A] party seeking to assert a claim of lack of relevance must satisfy the court that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by disclosure would outweigh the ordinary presumption in favor of broad disclosure.

Go v. Rockefeller University, 280 F.R.D. 165, 176 (S.D.N.Y. 2012).

In Go v. Rockefeller University, the plaintiff employee similarly sought the defendant employer's office telephone records and defendant supervisor's home and cell phone billing statements during the period in which she allegedly suffered unlawful discrimination, retaliation, and termination. 280 F.R.D. 165, 176 (S.D.N.Y. 2012). The court held that the plaintiff's discovery request was irrelevant because the telephone records would not establish the existence of the occurrences and "[w]hat plaintiff really seeks to prove is the *content* of the telephone calls." Id. at 177 (emphasis added). The court stated that "telephone records, if they exist, will not prove the content of the calls reflected therein." Id.; see also Moll v. Telesector Resources Group, Inc., No. 04-cv-08055, 2017 WL 2241967, at *2 (W.D.N.Y. May 23, 2017) (holding that "records from the plaintiff's telecommunications providers are not necessary to establish what plaintiff has already admitted" and that such records "will not shed light on the substance of such communications, nor will the timing of such communications . . . shed light on the substance of plaintiff's claims or defendant's defenses in this action."). Therefore, the court in Go denied the plaintiff's motion to compel such documents.

Here, Defendant Suong Chamnankool asserts that the requested telephone records, call logs, or billing statements are relevant to show that Defendant Lan Cao "exercise[d] control over business and employment matters by regularly communicating via telephone with Chamnankool and other VCafe employees using the restaurant's main telephone line." Co-Def.'s Ltr. at 2. However, what Defendant Chamnankool is really seeking, and what discovery is actually necessary and needed to prove this fact, are the *contents* of any telephone calls made by Defendant Cao to VCafe's main telephone line. These contents *cannot* be ascertained by telephone records, call logs, or billing statements, which will only show dates, times, and durations of telephone calls made to or received from VCafe's main telephone line.

Indeed, Defendant Chamnankool implicitly acknowledges the futility of such documents in her discovery dispute letter. Chamnankool asserts that if there are "little to no communication with the restaurant," then "Cao's assertion of minimal involvement" is accurate. However, if there are "frequent calls," then same would "corroborate testimony establishing her ongoing control." Chamnankool's rationale is illogical and entirely speculative. Defendant Cao could have called VCafe's main telephone line to speak to Defendant Chamnankool about virtually anything, including personal matters. But there is no way to ascertain the contents of any such calls through telephone records, call logs, and billing statements. Thus, as the Court held in Go, such discovery is irrelevant.

Further, Defendant Chamnankool's discovery request is not narrowly tailored and proportional to the needs of this case. To support their request, they rely solely upon the testimonies of Plaintiffs and Defendant Chamnankool, which purportedly stated that "Cao remained actively involved in the restaurant's operations throughout Plaintiffs' employment" and that "decisions regarding vendors, hiring, pay rates, work schedules, hours worked, weekly payroll, among others, were routinely communicated to Cao by telephone." Co-Def.'s Ltr. at 2. And it is the depositions of Defendants Chamnankool and Cao where the former can inquire as to

conversations had between Chamnankool and Cao via VCafe's main telephone line to ascertain whether Cao retained an employer status.

Thus, Defendant Cao respectfully requests that the Court deny entertainment of Defendant Chamnankool's discovery dispute and deny her request for an Order compelling Defendant Cao to produce documents responsive to Chamnankool's Supplemental Request No. 9.

We thank the Court for its attentiveness to this matter.

Respectfully submitted,

*/s/ Grace Pan*
Grace Pan, Esq.

cc: All Counsel of Record (via ECF)