UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                               :

ISIDRO DE JESUS, *et al.*,                :

                   :

             Plaintiffs,       :

                   :

           -v-                :           24 Civ. 9901 (JPC)

                   :

LAN CAO and SUONG CHAMNANKOOL,   :           <u>ORDER</u>

                   :

            Defendants.      :

                   :
----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       Defendant Lan Cao's motion to compel responses to subpoenas from nonparties Postmates, LLC and Capital Grille Holdings, Inc. (the "Subpoena Targets") is granted. *See* Dkts. 105, 107 ("Motion").

       Federal Rule of Civil Procedure 45 permits parties to obtain discovery from non-parties. The information requested in a subpoena must be consistent with Rule 26(b)(1) in that it is relevant to the claims and defenses and proportional to the needs of the case. *See Stollman v. William*s, No. 20 Civ. 8937 (JPC), 2022 WL 1772552, at *4 (S.D.N.Y. June 1, 2022) (explaining that, under Rule 26(b)(1), "discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable" (citation omitted)); *see also Lockton Partners, LLC v. Stone Point Cap. LLC*, No. 25 Misc. 102 (JPC), 2025 WL 1699254, at *2 (S.D.N.Y. May 29, 2025) (explaining that a court "has the discretion to deny discovery requests if it determines that the burden or expense of the proposed discovery outweighs its likely benefit" (internal quotation marks omitted)). A court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. Fed. R. Civ. P. 45(g).

Cao served subpoenas upon the Subpoena Targets on February 13, 2026.  The Subpoena Targets have not moved to quash, objected to, or otherwise respond to those subpoenas.  *See* Motion at 5.  By failing to raise any objections to the subpoenas within fourteen days of service, the Subpoena Targets have waived the opportunity to object. Fed. R. Civ. P. 45(d)(2).  Cao additionally served the pending motion to compel upon the Subpoena Targets on April 29, 2026.  The Subpoena Targets also have not responded to the motion to compel.

The Court also has reviewed the subpoenas and is satisfied that the requested discovery is relevant and proportional to the needs of the case.  Cao seeks to compel records relating to Plaintiffs' employment with the Subpoena Targets, which is relevant to the present case because it may bear on the issue of the number of hours that Plaintiffs worked at VCafé.  Nor would producing the materials sought in the subpoenas pose burden or expense to the Subpoena Targets that would outweigh the likely benefit of those materials in this case.

The Subpoena Targets must comply with the subpoenas and produce responsive documents no later than May 19, 2026.  The Clerk of Court is respectfully directed to close Docket Numbers 105 and 107.

　　　　SO ORDERED.

Dated: May 5, 2026
　　　New York, New York

_____
　　　　JOHN P. CRONAN
　　　United States District Judge

2