**BROWN KWON & LAM** LLP

Brown Kwon & Lam, LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

Writer's Direct: William Brown, Esq.
wbrown@bkllawyers.com

June 22, 2026

<u>Via ECF and E-Mail</u>
The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

> Re:    *Isidro de Jesus, et al. v. Lan Cao, et al.*
> Case No. 1:24-cv-9901 (JPC)

Dear Judge Cronan:

We represent Defendant Suong Chamnankool in the above-captioned matter. We write jointly with counsel for all parties to respectfully request that the Court reconsider its June 22, 2026 Order denying Plaintiffs' request for an adjournment of the trial. The parties further request that this matter be referred to a magistrate judge for an in-person settlement conference.

The parties' prior submission did not fully articulate the basis for Defendant Chamnankool's request for an adjournment. Defendant Chamnankool is the head cook for a seasonal café at an East Hampton tennis club that is open only during the summer months. Because the café's entire annual operating season occurs during the summer, and because the café operates with a very limited staff, requiring Defendant Chamnankool to attend trial during that period would likely cause operational and financial harm. Her presence is necessary for the café's day-to-day operations, and her earnings during this limited operating season support her for the entire year. The extent of the potential hardship to Defendant Chamnankool became clear to counsel only after the possibility of an adjourned trial date was raised with her.

Counsel for Plaintiffs also has a pre-existing, non-refundable travel commitment during the scheduled trial week. Counsel made reasonable efforts to arrange travel during an alternative week but was unable to do so due to availability constraints. Requiring Plaintiffs' counsel to proceed to trial during this period would prejudice Plaintiffs' ability to present their case with their counsel of choice.

The parties therefore renew their prior request that trial be adjourned to October 12, 2026, with the corresponding pretrial deadlines set forth in Plaintiffs' June 22, 2026 letter.

Additionally, counsel for all parties have recently conferred regarding the status of settlement discussions. During those discussions, counsel determined that there was a possible miscommunication or misunderstanding regarding the parties' final settlement positions at the

most recent mediation. The parties now believe that an in-person settlement conference would be productive and has a meaningful chance of fully resolving this matter. An adjournment of the trial date would facilitate those renewed settlement discussions and allow sufficient time for the parties and the Court to schedule and participate in an in-person settlement conference before trial. Accordingly, in connection with the adjournment request, the parties respectfully request a referral to a magistrate judge for settlement purposes.

Should the Court deny the adjournment request, the parties jointly and respectfully request a brief one-week extension to file pretrial documents, including motions in limine, from June 25, 2026 to July 2, 2026. This request will not affect any other pretrial deadlines.

We thank the Court for its time and consideration.

Respectfully submitted,

/s/ William Brown
William Brown, Esq.

cc:     All parties via ECF

Trial will commence on August 17, 2026, which was a date that all parties to this case represented that they would be available and was set by the Court on April 29, 2026. The Court will, however, adjourn the deadline to submit pretrial submissions from June 25, 2026 to July 2, 2026. In a separate Order, the Court refers the parties for a settlement conference before Judge Moses.

SO ORDERED
June 23, 2026

JOHN P. CRONAN
United States District Judge

2